**Carol A. HAMMERS, Appellant,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Appellee.**

No. 89–2075.

United States Court of Appeals, Eighth Circuit.

Submitted Jan. 4, 1990.

Decided Jan. 17, 1990.

---

**283**

Carol A. Hammers, pro se.

Gary R. Allen, Washington, D.C., for appellee.

Before McMILLIAN, JOHN R. GIBSON and MAGILL, Circuit Judges.

PER CURIAM.

Carol A. Hammers appeals pro se from the order of the United States Tax Court[1] sustaining a federal income tax deficiency and additions assessed against her for the 1984 tax year, and awarding damages to appellee Commissioner of Internal Revenue pursuant to 26 U.S.C. § 6673(a) (Supp. IV 1986). We affirm.

Hammers filed in Tax Court a petition for redetermination of an IRS deficiency for failing to file a proper 1984 income tax return, claiming that her wages were not subject to federal income taxes and that the IRS had violated her constitutional rights. A trial was held at which Hammers did not introduce evidence, but rather relied on the arguments set forth in her previously filed "Offer of Proof and Memorandum of Law," which the Tax Court incorporated into the record.

The Tax Court upheld the Commissioner's determination and assessed section 6673(a) damages against Hammers in the sum of $3,000 for bringing a frivolous action for the purpose of delay. In this timely appeal, Hammers reasserts the arguments advanced below and claims that the Tax Court erred in refusing to allow her to present orally the arguments set forth in her Offer of Proof and Memorandum of Law, and in awarding section 6673(a) damages. In addition, she argues that the damages award constituted punishment without due process, and that her fifth amendment right against self-incrimination was violated. The Commissioner requests sanctions under Fed.R.App.P. 38.

Section 6673(a) authorizes the Tax Court to award damages, not in excess of $5,000, when it appears that a proceeding was instituted or maintained primarily for delay, that it is frivolous, or that the taxpayer unreasonably failed to pursue administrative remedies. Upon careful review, we hold that the Tax Court properly dismissed Hammers's claims and awarded section 6673(a) damages, and that Hammers's appeal is frivolous.

Accordingly, the Tax Court judgment is affirmed, *see* 8th Cir.R. 14, and the Commissioner's request for double costs and damages under Rule 38 is granted.

---

1. The Honorable Carolyn Miller Parr, United States Tax Court Judge.