# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 01-1531

_____

Darlow T. Madge,                               *
                                               *
            Appellant,                         *
                                               *   Appeal from the United States
      v.                                       *   Tax Court.
                                               *
Commissioner of Internal Revenue,              *       **[UNPUBLISHED]**
                                               *
            Appellee.                          *

_____

Submitted:  November 6, 2001
    Filed:  November 14, 2001

_____

Before WOLLMAN, Chief Judge, BOWMAN, and LOKEN, Circuit Judges.

_____

PER CURIAM.

The Commissioner of Internal Revenue issued deficiencies, additions to tax, and penalties against Darlow T. Madge after he failed to file tax returns for the years 1987-93. Madge petitioned for review, and the Tax Court[1] upheld the amounts and sanctioned Madge for pursuing frivolous arguments. Madge appeals, arguing that income he received from his business was not "gross income" under the tax code, he was denied due process, and the sanction was inappropriate. After careful review of the record, we affirm.

_____

[1]The HONORABLE MARY ANN COHEN, Chief Judge, United States Tax Court.

Madge, who elected not to introduce any evidence, failed to meet his burden of proving that the Commissioner's deficiency determination was incorrect, see Mattingly v. United States, 924 F.2d 785, 787 (8th Cir. 1991), and the Tax Court properly rejected Madge's contention that the income from his business was not "gross income" under 26 U.S.C. § 61(a). Based on the undisputed evidence at trial-- which showed, among other things, that Madge used false identification for some bank accounts and threatened cooperating witnesses--we conclude the Commissioner proved fraud by clear and convincing evidence. See Scallen v. Comm'r, 877 F.2d 1364, 1370 (8th Cir. 1989). Finally, the Tax Court did not abuse its discretion by sanctioning Madge for insisting upon pursuing frivolous arguments after the Court repeatedly warned him not to do so. See 26 U.S.C. § 6673; Hammers v. Comm'r, 894 F.2d 282, 283 (8th Cir. 1990).

Accordingly, we affirm. We also deny Madge's motions for oral argument and to take notice of his recent tax return.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.