T.C. Memo. 2002-190


UNITED STATES TAX COURT


JOHN W. SCHROEDER, JR., Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 8820-01L.          Filed August 5, 2002.


John W. Schroeder, Jr., pro se.

Rollin G. Thorley and Karen Baker, for respondent.


MEMORANDUM OPINION


ARMEN, Special Trial Judge:  This matter is before the Court
on respondent's Motion For Summary Judgment, filed pursuant to
Rule 121.[1]  Respondent contends that there is no dispute as to
any material fact with respect to this levy action and that

---

[1]  All Rule references are to the Tax Court Rules of
Practice and Procedure, and, unless otherwise indicated, all
section references are to the Internal Revenue Code, as amended.

respondent's determination to proceed with collection of petitioner's outstanding tax liabilities for 1992 should be sustained as a matter of law.

Summary judgment is intended to expedite litigation and avoid unnecessary and expensive trials. Fla. Peach Corp. v. Commissioner, 90 T.C. 678, 681 (1988). Summary judgment may be granted with respect to all or any part of the legal issues in controversy "if the pleadings, answers to interrogatories, depositions, admissions, and any other acceptable materials, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that a decision may be rendered as a matter of law." Rule 121(a) and (b); Sundstrand Corp. v. Commissioner, 98 T.C. 518, 520 (1992), affd. 17 F.3d 965 (7th Cir. 1994); Zaentz v. Commissioner, 90 T.C. 753, 754 (1988); Naftel v. Commissioner, 85 T.C. 527, 529 (1985). The moving party bears the burden of proving that there is no genuine issue of material fact, and factual inferences will be read in a manner most favorable to the party opposing summary judgment. Dahlstrom v. Commissioner, 85 T.C. 812, 821 (1985); Jacklin v. Commissioner, 79 T.C. 340, 344 (1982).

As explained in detail below, there is no genuine issue as to any material fact, and a decision may be rendered as a matter of law. Accordingly, we shall grant respondent's motion for summary judgment.

Background

The record establishes and/or the parties do not dispute the following.

A. Petitioner's Failure To File

Petitioner has a history of failing to file Federal income tax returns. Specifically, petitioner failed to file a Federal income tax return for 1992.

B. Respondent's Notice of Deficiency

On December 28, 1994, respondent issued a notice of deficiency to petitioner. In the notice, respondent determined, in pertinent part, a deficiency in petitioner's Federal income tax for 1992 in the amount of $15,402, an addition to tax under section 6651(a)(1) for failure to timely file a tax return in the amount of $4,544.60, and an addition to tax under section 6654(a) for failure to pay estimated tax in the amount of $635.78.[2] The deficiency was based principally on respondent's determination that petitioner failed to report: (1) Wage income in the amount of $16,936 (as reported to respondent on Form W-2 by Granite Construction Co.); (2) nonemployee compensation in the amount of $43,624; and (3) unemployment compensation in the amount of $6,095 (as reported to respondent on Form 1099-G).

---

[2] Although the notice of deficiency also sets forth respondent's determination of deficiencies in petitioner's Federal income taxes for 1990 and 1991, we are concerned in this proceeding only with petitioner's liability for 1992.

Respondent's records reflect that the notice of deficiency was not returned undelivered to respondent by the Postal Service. Petitioner has not denied that he received the notice of deficiency.

### C. Assessment of Petitioner's Liability

Petitioner did not file a petition for redetermination with the Court challenging the notice of deficiency. Accordingly, on May 22, 1995, respondent assessed the determined deficiency and additions to tax, as well as statutory interest. On that same day, respondent sent petitioner a notice and demand for payment, informing petitioner that he had a liability for 1992 and requesting that he pay it. Petitioner failed to do so.

On October 9, 2000, respondent sent petitioner a second collection notice for 1992. Once again, petitioner failed to pay the amount owing.

### D. Respondent's Final Notice and Petitioner's Response

On November 10, 2000, respondent sent petitioner a Final Notice--Notice of Intent to Levy and Notice of Your Right to a Hearing (the Final Notice). The Final Notice was issued in respect of petitioner's outstanding liability for 1992.

On November 29, 2000, petitioner submitted to respondent a Form 12153, Request for a Collection Due Process Hearing. Petitioner's request stated that the period of limitations had expired with respect to the assessment of petitioner's tax

liability for 1992.

### E.  Respondent's Efforts To Schedule a Hearing

On January 30, 2001, and May 1, 2001, Appeals Officer Joe Gurnaby issued letters to petitioner requesting that he contact the Appeals Office to arrange an administrative hearing at a mutually convenient time.  Petitioner did not contact the Appeals Office with regard to either letter.

### F.  Respondent's Notice of Determination

On June 4, 2001, Appeals Officer Gurnaby prepared an Appeals Office transmittal memorandum.  The memorandum stated that the Appeals officer reviewed an Internal Revenue Service TXMODA transcript of account dated December 21, 2000, and determined that respondent had complied with all applicable legal requirements with regard to the assessment of petitioner's tax liability for 1992.[3]  A copy of the transcript of account was attached as an exhibit to the Declaration that accompanied respondent's Motion for Summary Judgment.

On June 8, 2001, respondent sent petitioner a Notice of Determination Concerning Collection Action(s) Under Section 6320 and/or 6330.  The notice stated that the Appeals Office had

---

[3]  A TXMODA transcript contains current account information obtained from respondent's master file.  "TXMODA" is the command code (CC) that is entered into respondent's integrated data retrieval system (IDRS) to obtain the transcript.  IDRS is essentially the interface between respondent's employees and respondent's various computer systems.

determined that it was appropriate for respondent to proceed with the collection of petitioner's outstanding tax liability for 1992.

G.  Petitioner's Petition

On July 12, 2001, petitioner filed with the Court a petition for lien or levy action seeking review of respondent's notice of determination.[4]  The following allegations reflect the crux of the petition:

> For Americans, including the self-employed, the only tax authorized under the sections referred to above [sections 1, 6001, 6011, and 6012] is Form 2555, titled "Foreign Earned Income," not Form 1040, as Americans have been led to believe.

> The only code sections that establish liability for the income tax or the withholding of it refer to nonresident aliens, foreign corporations, and their withholding agents, who are required to file a 1040 return (26 USC sections 7701, 1441, 1442, 1443, and 1461).

> Internal revenue employees were instructed long ago by the Treasury Secretary that Form 1040 was for the above purpose; it was never intended by law to be used for U.S. citizens who earn their income within the 50 states and whose income is not by law subject to the income tax.

> Wages of most citizens have never been intended by law to be subject to the income tax.

> \* \* \* \* \* \* \*

> Wages of most Americans are not, by law, subject to the income tax.  Although wages are income, they do not meet the formal legal definition for inclusion as

_____

[4]  At the time that the petition was filed, petitioner resided in Citrus Heights, California.

"Gross Income" from which the tax is calculated.

*   *   *   *   *   *   *

IRS revenue officers are authorized by law to conduct only civil enforcement under Subtitle E (pertaining to alcohol, tobacco and firearms taxes), not under Subtitle A (income taxes.) * * *

The petition also includes allegations that petitioner never received a notice and demand for payment and that petitioner was confused by "the various amounts sought in numerous conflicting notices".  Finally, petitioner attached to the petition several exhibits, including a copy of the Appeals officer's January 30, 2001, letter attempting to schedule an administrative hearing.

H.  Respondent's Motion For Summary Judgment

As indicated, respondent filed a Motion For Summary Judgment asserting that there is no dispute as to a material fact and that respondent is entitled to judgment as a matter of law.  In particular, respondent contends that because petitioner received the notice of deficiency dated December 28, 1994, petitioner cannot challenge the existence or amount of his underlying tax liability for 1992 in this proceeding.  Respondent further contends that the Appeals officer's review of the transcript of account with regard to petitioner's account for 1992 satisfied the verification requirement imposed under section 6330(c)(1) and demonstrates that petitioner was issued a notice and demand for payment.

Petitioner filed an Opposition to respondent's motion. In his Opposition, petitioner repeats many of the allegations made in the petition. Thus, for example, the Opposition includes the following allegations:

> Petitioner disagrees with respondent's decision because I am not required to file a 1040 return and claim my wages as gross taxable income as claimed by the respondent. I have never had a filing requirement therefore respondent has no authority to collect any tax or require petitioner to file, or waste a bunch of time communicating with them over nonsense. This is an infringement on the petitioner's freedom. * * * Petitioner and the courts can assume the respondent had no authority for sending the notices of proposed assessment or the final notices, and demand for payment to the petitioner. The respondent has no authority to collect a tax from the petitioner because the petitioner has No Filing Requirement! And the only sections that authorize an income tax and the respondent to send these notices are sections which apply to non-resident aliens, foreign corporations and their withholding agents who are required to file a 1040 under 26 USC sections 7701, 1441, 1442, 1443 and 1461!

In his Opposition, petitioner also alleges that he was not offered an administrative hearing.

Pursuant to notice, respondent's motion was called for hearing at the Court's motions session in Washington, D.C. Counsel for respondent appeared at the hearing and presented argument in support of the pending motion. In contrast, there was no appearance by or on behalf of petitioner, nor did petitioner file a statement pursuant to Rule 50(c), the provisions of which were mentioned by the Court in its Order calendaring respondent's motion for hearing.

Discussion

Section 6331(a) provides that if any person liable to pay any tax neglects or refuses to pay such tax within 10 days after notice and demand for payment, the Secretary is authorized to collect such tax by levy on the person's property. Section 6331(d) provides that at least 30 days before enforcing collection by levy on the person's property, the Secretary is obliged to provide the person with a final notice of intent to levy, including notice of the administrative appeals available to the person.

Section 6330 generally provides that the Commissioner cannot proceed with collection by levy until the person has been given notice and the opportunity for an administrative review of the matter (in the form of an Appeals Office hearing) and, if dissatisfied, with judicial review of the administrative determination. See Davis v. Commissioner, 115 T.C. 35, 37 (2000); Goza v. Commissioner, 114 T.C. 176, 179 (2000).

Section 6330(c) prescribes the matters that a person may raise at an Appeals Office hearing. In sum, section 6330(c) provides that a person may raise collection issues such as spousal defenses, the appropriateness of the Commissioner's intended collection action, and possible alternative means of collection. Section 6330(c)(2)(B) provides that the existence and amount of the underlying tax liability can be contested at an

Appeals Office hearing only if the person did not receive a notice of deficiency for the taxes in question or did not otherwise have an earlier opportunity to dispute the tax liability.  See Sego v. Commissioner, 114 T.C. 604, 609 (2000); Goza v. Commissioner, supra.  Section 6330(d) provides for judicial review of the administrative determination in the Tax Court or a Federal District Court, as may be appropriate.

A.  Summary Judgment

Petitioner challenges the assessment made against him on the ground that he is not subject to the Federal income tax.  The record implies that petitioner received the notice of deficiency for 1992 and disregarded the opportunity to file a petition for redetermination with this Court.  See sec. 6213(a).  Under such circumstances, section 6330(c)(2)(B) would bar petitioner from challenging the existence or amount of his underlying tax liability in this collection review proceeding.

Even if petitioner is permitted to challenge the amount of his underlying liability, petitioner's arguments are frivolous and groundless.  See Goza v. Commissioner, supra.  Further, as the Court of Appeals for the Fifth Circuit has remarked: "We perceive no need to refute these arguments with somber reasoning and copious citation of precedent; to do so might suggest that these arguments have some colorable merit."  Crain v. Commissioner, 737 F.2d 1417, 1417 (5th Cir. 1984).  Suffice it to

say that: Petitioner is a taxpayer subject to the Federal income tax, see secs. 1, 7701(a)(1), (14); sec. 1.1-1(a)(1) and (b), Income Tax Regs.; compensation for labor or services rendered constitutes income subject to the Federal income tax, sec. 61(a)(1); United States v. Romero, 640 F.2d 1014, 1016 (9th Cir. 1981); gross income derived from business and unemployment compensation is also subject to the Federal income tax, secs. 61(a)(2), 85(a); and in case of failure to file a return, tax may be assessed at any time, see sec. 6501(c)(3). See also Madge v. Commissioner, T.C. Memo. 2000-370 (rejecting as frivolous the contention that only foreign income is subject to Federal income tax), affd. 23 Fed. Appx. 604 (8th Cir. 2001); cf. Corcoran v. Commissioner, T.C. Memo. 2002-18 (rejecting as frivolous the contention that income earned by U.S. citizens from sources within the United States is excluded from U.S. taxation under the source rules of the Internal Revenue Code).

We likewise conclude that the Appeals officer obtained verification from the Secretary that the requirements of all applicable laws and administrative procedures were met as required by section 6330(c)(1). The record shows that the Appeals officer obtained and reviewed a TXMODA transcript of account with regard to petitioner's taxable year 1992.

Federal tax assessments are formally recorded on a record of assessment. Sec. 6203. "The summary record, through supporting

records, shall provide identification of the taxpayer, the character of the liability assessed, the taxable period, if applicable, and the amount of the assessment."  Sec. 301.6203-1, Proced. & Admin. Regs.

Section 6330(c)(1) does not require the Commissioner to rely on a particular document to satisfy the verification requirement imposed therein.  Roberts v. Commissioner, 118 T.C. 365, 371 n.10 (2002); Weishan v. Commissioner, T.C. Memo. 2002-88; Lindsey v. Commissioner, T.C. Memo. 2002-87; Tolotti v. Commissioner, T.C. Memo. 2002-86; Duffield v. Commissioner, T.C. Memo. 2002-53; Kuglin v. Commissioner, T.C. Memo. 2002-51.  In this regard, we observe that the TXMODA transcript of account on which the Appeals officer relied contained all the information prescribed in section 301.6203-1, Proced. & Admin. Regs.  See Weishan v. Commissioner, supra; Lindsey v. Commissioner, supra; Tolotti v. Commissioner, supra; Duffield v. Commissioner, supra; Kuglin v. Commissioner, supra.

Petitioner has not alleged any irregularity in the assessment procedure that would raise a question about the validity of the assessments or the information contained in the transcript of account.  See Davis v. Commissioner, supra at 41; Mann v. Commissioner, T.C. Memo. 2002-48.  Accordingly, we hold that the Appeals officer satisfied the verification requirement of section 6330(c)(1).  Cf. Nicklaus v. Commissioner, 117 T.C.

117, 120-121 (2001).

Petitioner also contends that he never received a notice and demand for payment for 1992. The requirement that the Secretary issue a notice and demand for payment is set forth in section 6303(a), which provides in pertinent part:

> SEC. 6303(a). General Rule.--Where it is not otherwise provided by this title, the Secretary shall, as soon as practicable, and within 60 days, after the making of an assessment of a tax pursuant to section 6203, give notice to each person liable for the unpaid tax, stating the amount and demanding payment thereof. * * *

The transcript of account on which the Appeals officer relied during the administrative process shows that respondent sent petitioner a notice and demand for payment on the same date that respondent made assessments against petitioner for the tax and additions to tax determined in the notice of deficiency. See, e.g., Hughes v. United States, 953 F.2d 531, 536 (9th Cir. 1992); Weishan v. Commissioner, supra; see also Hansen v. United States, 7 F.3d 137, 138 (9th Cir. 1993).

Petitioner has failed to raise a spousal defense, make a valid challenge to the appropriateness of respondent's intended collection action, or offer alternative means of collection. These issues are now deemed conceded. Rule 331(b)(4). In the absence of a valid issue for review, we conclude that respondent is entitled to judgment as a matter of law sustaining the notice of determination dated June 8, 2001.

B.  Imposition of a Penalty Under Section 6673

As relevant herein, section 6673(a)(1) authorizes the Tax Court to require a taxpayer to pay to the United States a penalty not in excess of $25,000 whenever it appears that proceedings have been instituted or maintained by the taxpayer primarily for delay or that the taxpayer's position in such proceeding is frivolous or groundless.  The Court has indicated its willingness to impose such penalty in lien and levy cases, Pierson v. Commissioner, 115 T.C. 576, 580-581 (2000), and has in fact imposed a penalty in several such cases, Roberts v. Commissioner, 118 T.C. 365 (2002) (imposing a penalty in the amount of $10,000); Perry v. Commissioner, T.C. Memo. 2002-165 (imposing a penalty in the amount of $2,500); Crow v. Commissioner, T.C. Memo. 2002-149 (imposing a penalty in the amount of $1,500); Smeton v. Commissioner, T.C. Memo. 2002-140 (imposing a penalty in the amount of $1,000); Newman v. Commissioner, T.C. Memo. 2002-135 (imposing a penalty in the amount of $1,000); Yacksyzn v. Commissioner, T.C. Memo. 2002-99 (imposing a penalty in the amount of $1,000); Watson v. Commissioner, T.C. Memo. 2001-213 (imposing a penalty in the amount of $1,500); Davis v. Commissioner, T.C. Memo. 2001-87 (imposing a penalty in the amount of $4,000).

In the present case, respondent has not specifically requested imposition of a penalty under section 6673(a)(1).

However, in a collection review case, the Court may impose such a penalty on its own motion.  See <u>Williams v. Commissioner</u>, T.C. Memo. 2002-111 (imposing sua sponte a penalty in the amount of $1,000).

We are convinced that petitioner instituted the present proceeding primarily for delay.  In this regard, it is clear that petitioner regards this proceeding as nothing but a vehicle to protest the tax laws of this country and to espouse his own misguided views, which are frivolous and groundless.  In short, having to deal with this matter wasted the Court's time, as well as respondent's, and taxpayers with genuine controversies may have been delayed.

Under the circumstances, we shall, on our own motion, impose a penalty on petitioner pursuant to section 6673(a)(1) in the amount of $1,000.

C.  Conclusion

We have considered all of petitioner's arguments that are not discussed herein, and we find them to be without merit and/or irrelevant.[5]

--------

[5]  For example, petitioner's allegation that he was not offered an administrative hearing is belied by the Appeals officer's letters dated Jan. 30, 2001, and May 1, 2001, the first of which was specifically referenced in the petition and a copy attached as an exhibit.  Moreover, petitioner's allegation that he was confused by "the various amounts sought" is explained, in part, by the fact that petitioner's liability changed with the accrual of statutory interest (and the compounding thereof).  See
(continued...)

In order to give effect to the foregoing,

An order granting respondent's motion and decision for respondent, including a penalty on petitioner under section 6673(a)(1), will be entered.

---

[5](...continued) secs. 6601(a), (e)(2), 6622. Further, petitioner's allegation regarding not receiving notice and demand is belied by the TXMODA transcript of account, as well as the Nov. 10, 2000, final notice (a copy of which was attached to petitioner's Request for a Collection Due Process Hearing), and the collection notice dated Oct. 9, 2000 (see supra "C"). See, e.g., Hughes v. United States, 953 F.2d 531, 536 (9th Cir. 1992); Weishan v. Commissioner, T.C. Memo. 2002-88; see also Hansen v. United States, 7 F.3d 137, 138 (9th Cir. 1993).