T.C. Memo. 2004-210


UNITED STATES TAX COURT


GARY M. DASHIELL AND FRANCES J. DASHIELL, Petitioners $\underline{v}$.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 19118-02L.          Filed September 20, 2004.


Gary M. Dashiell and
Frances J. Dashiell, pro sese.

Shirley M. Francis, for respondent.


MEMORANDUM OPINION

SWIFT, Judge:  This matter is before us on respondent's

Motion for Summary Judgment concerning respondent's tax lien

filing against petitioners with regard to petitioners'

outstanding 1997 Federal income tax liability.

Unless otherwise indicated, all section references are to

the Internal Revenue Code in effect for the year in issue.

## Background

During 1997 and at the time their petition was filed, petitioners resided in Multnomah County, Oregon.

On May 7, 1998, petitioners filed with respondent a document purporting to be their 1997 joint Federal income tax return (1997 tax return). Thereon, petitioners indicated that Gary's occupation was that of a salesman and that Frances's (Fran) occupation was that of a computer consultant.

A Form W-2, Wage and Tax Statement, that was attached to petitioners' 1997 tax return reflected that in 1997 Gary received wages of $25,101 from his employer and that during 1997 $2,114 in Federal income taxes was withheld from Gary's wages.

There was no Form W-2 attached to and no Schedule C, Profit or Loss From Business, or estimated tax payments reflected on petitioners' 1997 tax return relating to wages or income earned in 1997 by Fran.

In spite of the above $25,101 in Gary's wages and in spite of any income Fran earned from her computer consulting business, on their 1997 tax return, petitioners reflected zero wages, zero total income, zero adjusted gross income, zero taxable income, and zero tax liability. Also, on their 1997 tax return petitioners claimed a refund for the total $2,114 in Federal income taxes that had been withheld from Gary's wages.

Petitioners' 1997 tax return was signed by Gary and Fran under penalties of perjury.

After an audit, on June 30, 2000, respondent mailed to petitioners a notice of deficiency for 1997 in which respondent treated petitioners' 1997 tax return as a joint 1997 Federal income tax return for petitioners and in which respondent determined that Gary's $25,101 in wages constituted taxable income to petitioners, that Fran received $30,455 in nonemployee-fee income, that Gary and Fran received $15 in interest income and $9,693 in early retirement account distributions, and that petitioners owed a tax deficiency of $12,061 in addition to the $2,114 in Federal income taxes withheld from Gary's wages.  Also, respondent determined against petitioners a $2,412 accuracy-related penalty under section 6662(a) relating to petitioners' 1997 tax return.

Petitioners did not file a petition with this Court with regard to respondent's above deficiency and penalty determinations, and on November 20, 2000, the above deficiency and penalty, plus statutory interest, were assessed against petitioners.

One year later, on November 20, 2001, a notice of Federal tax lien was filed by respondent against petitioners relating to the assessment against petitioners of the above tax deficiency and penalty.

On December 14, 2001, in response to respondent's notice of Federal tax lien filing, petitioners filed with respondent a request for a hearing, which was held on October 17, 2002, with respondent's Appeals Office in Portland, Oregon.

At the Appeals Office hearing, petitioners argued that they were not taxable on their income. Petitioners did not claim any error had occurred in respondent's collection procedures, nor did petitioners raise any collection alternatives.

On November 19, 2002, respondent mailed to petitioners a notice of determination in which respondent determined that respondent's tax lien constituted a valid and appropriate collection activity against petitioners.

On December 11, 2002, petitioners filed their petition herein in which petitioners claim only that they are not subject to the income tax. Petitioners make no claim of irregularity in respondent's collection procedures. Quoting from petitioners' pretrial memorandum, petitioners argue that --

> A careful examination of 26 C.F.R. sec. 1.861-8, (as well as over 80 years of predecessor statutes and regulations) shows that taxable sources of income are limited to the following types of commerce:
>
> (1) Certain foreign income of U.S. citizens (26 C.F.R. sec. 1.861-8(f)(1)(i));
>
> (2) The domestic income of foreigners (26 C.F.R. sec. 1.861-8(f)(1)(iv));
>
> (3) Certain income related to federal possessions (26 C.F.R. sec. 1.861-8(f)(1)(vi)(E)).

At the Court hearing on November 17, 2003, Fran argued with much vigor that, under her reading and close study of the Internal Revenue Code and regulations, she and her husband are not taxable on their wages and income. Fran pleads with the Court to provide her with a persuasive written explanation, if any exists, as to how she and her husband are liable for Federal income taxes on her husband's wages, on her fee income, on the early retirement account distributions and on the interest income.

## Discussion

We note initially that because petitioners received a notice of deficiency relating thereto petitioners' Federal income tax liability for 1997 is not before us in this action. Goza v. Commissioner, 114 T.C. 176, 180-181 (2000). Our jurisdiction herein is limited to a review of respondent's discretion in filing a notice of Federal tax lien to upgrade respondent's creditor status vis-a-vis petitioners' other creditors. Sec. 6323; Sego v. Commissioner, 114 T.C. 604, 610 (2000).

On that narrow question as to respondent's discretion we hold for respondent. Petitioners have offered no basis on which we could find any error in respondent's discretionary determination to proceed with the filing of a notice of Federal tax lien relating to the 1997 Federal income tax deficiency,

penalty, and interest that respondent assessed against petitioners.

With regard to the underlying tax deficiency determined by respondent against petitioners, even if such tax deficiency were properly before us, most courts would not dignify petitioners' particular tax protester argument by addressing it at length in a written court opinion. For example, in <u>Williams v. Commissioner</u>, 114 T.C. 136, 138-139 (2000), wherein the taxpayers made the same argument as the petitioners herein make about sections 61 and 861, we stated as follows:

> Petitioner's arguments are reminiscent of tax-protester rhetoric that has been universally rejected by this and other courts. We shall not painstakingly address petitioner's assertions "with somber reasoning and copious citation of precedent; to do so might suggest that these arguments have some colorable merit." <u>Crain v. Commissioner</u>, 737 F.2d 1417, 1417 (5th Cir. 1984). * * *

In our discretion, however, herein we provide to petitioners an explanation as to why their 1997 wage and other income constitute taxable income. We do so only with the hope that petitioners will consider themselves personally addressed, that they will consider themselves to have had their day in court, and that petitioners will find such explanation persuasive and convincing and will come back into compliance with the Federal income tax system.

Generally, under section 1, U.S. citizens such as petitioners who reside in the United States are required to pay tax on their worldwide income. The particular source (domestic or overseas) of a U.S. citizen's income has no effect on its treatment as "income" for Federal income tax purposes, and a U.S. citizen's Federal income tax liability is computed (before any foreign tax credits that might be available to the taxpayer) without regard to the source of the taxpayer's income. Sec. 1.1-1(b), Income Tax Regs.

With regard to the definition of income, section 61 expressly states that gross income constitutes "all income" and expressly lists as one of the categories of income "compensation for services" rendered by the taxpayer, which certainly would include Gary's wages as a salesman and any fee income Fran received for computer consulting. Sec. 61(a)(1). Also, section 61(a)(4) expressly lists "interest," which certainly would include interest income petitioners received in 1997.

Section 1.1-1, Income Tax Regs., provides further as follows:

> Sec. 1.1-1. Income tax on individuals.--(a) <u>General rule</u>.  (1) Section 1 of the Code imposes an income tax on the income of every individual who is a citizen or resident of the United States * * *.
>
> \*      \*      \*      \*      \*      \*      \*
>
> (b) <u>Citizens or residents of the United States liable to tax</u>.  In general, all citizens of the United States, wherever resident, * * * are liable to the income taxes imposed by the Code whether the income is received from sources within or without the United States. * * *

The Supreme Court has defined income under section 61 broadly, noting that Congress intended to tax as income "all gains except those specifically exempted."  <u>Commissioner v. Glenshaw Glass Co.</u>, 348 U.S. 426, 429-430 (1955).

In <u>Commissioner v. Schleier</u>, 515 U.S. 323, 327-328 (1995), the Supreme Court noted that because of the broad and inclusive nature of section 61(a), an income item must be included in income for Federal income tax purposes unless it is explicitly excluded by another provision of the Code.

Petitioners point out that section 61(a) uses the word "source" but that section 61 does not go on to define the "sources" which produce income taxable by the United States.  Petitioners therefore conclude that in order to identify the "sources" of income that are taxable reference must be made to the income "sourcing" rules of sections 861-865 and to

respondent's regulations thereunder, specifically section 1.861-8(f)(1), Income Tax Regs.

Petitioners misread section 61. That section prefaces its use of the word "source" by the word "whatever", thereby making the particular source of a U.S. taxpayer's income (and the income sourcing rules of sections 861-865) <u>irrelevant</u> <u>for</u> <u>purposes</u> <u>of</u> <u>the</u> <u>definition</u> <u>of</u> <u>income</u> <u>under</u> <u>section 61</u>. The precise language of section 61(a) provides as follows:

> Except as otherwise provided in this subtitle, gross income means all income from **whatever source** derived, including (but not limited to) * * *. [Emphasis supplied.]

It is helpful to read carefully the specific language from the regulations under section 861 on which petitioners rely. The introductory language of section 1.861-8(f)(1), Income Tax Regs., states as follows:

> (f) <u>Miscellaneous matters</u>--(1) <u>Operative sections</u>. The operative sections of the Code **which require the determination of taxable income of the taxpayer from specific sources** or activities and which give rise to statutory groupings to which this section is applicable include the sections described below. [Emphasis added.]

As we have explained, section 61 does not "require the determination of petitioners' taxable income from specific sources". Rather, section 61 explicitly states that petitioners' income from "whatever" source constitutes income under

section 61.  Therefore, since section 61 is not one of the "operative sections" which require "specific" sourcing of items of income, section 61 is not affected by section 1.861-8(f)(1), Income Tax Regs.

As the Court of Claims has explained:

> The determination of where income is derived or "sourced" is generally of no moment to either United States citizens or United States corporations, for such persons are subject to tax under section 1 and section 11, respectively, on their worldwide income.  * * * [Great-West Life Assur. Co. v. United States, 230 Ct. Cl. 477, 482, 678 F.2d 180, 183 (1982).]

Petitioners' narrow reading of section 61, under which the definition of income for purposes of section 61 would be limited by the section 861 source-of-income rules, is without any legal support and is erroneous.  Petitioners do not provide us with any case citations or other legal authority that reads section 61 and the source-of-income rules of sections 861-865 as they do.

Again, the source-of-income rules of sections 861-865 and the regulations under those sections are not definitional provisions that attempt to define income.  Rather, those source-of-income rules simply distinguish between income that is earned domestically and income that is earned overseas for purposes primarily of calculating certain foreign tax credits to which taxpayers who earn income from both domestic and overseas sources may be entitled.

Courts which have addressed the precise argument petitioners make herein have rejected it as frivolous. <u>Takaba v. Commissioner</u>, 119 T.C. 285, 294-295, 300-302 (2002); <u>Williams v. Commissioner</u>, <u>supra</u>; <u>Corcoran v. Commissioner</u>, T.C. Memo. 2002-18, affd. 54 Fed. Appx. 254 (9th Cir. 2002); <u>Madge v. Commissioner</u>, T.C. Memo. 2000-370, affd. 23 Fed. Appx. 604 (8th Cir. 2001); <u>Aiello v. Commissioner</u>, T.C. Memo. 1995-40; <u>Solomon v. Commissioner</u>, T.C. Memo. 1993-509, affd. without published opinion 42 F.3d 391 (7th Cir. 1994).

We sustain respondent's tax lien filing with regard to petitioners' 1997 assessed and unpaid 1997 Federal income tax deficiency, accuracy-related penalty, and interest.

Lastly, we address respondent's motion for an award of damages under section 6673. On the basis of the Court's dialogue with petitioners, which occurred at the hearing on respondent's motion for summary judgment, we decline to impose any section 6673 penalty on petitioners. We strongly encourage petitioners to abandon all erroneous arguments such as those made herein and to bring their conduct into full compliance with the Federal tax laws.

To reflect the foregoing,

<u>An appropriate Order and</u>

<u>Decision will be entered for</u>

<u>respondent</u>.