T.C. Memo. 2017-83

UNITED STATES TAX COURT

LEROY MUNCY, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent[*]

Docket No. 27807-11.                    Filed May 17, 2017.

Leroy Muncy, pro se.

<u>Ann Louise Darnold</u> and <u>H. Elizabeth H. Downs</u>, for respondent.

SUPPLEMENTAL MEMORANDUM FINDINGS OF FACT AND OPINION

NEGA, <u>Judge</u>:  This case is before us on remand from the U.S. Court of

Appeals for the Eighth Circuit, <u>Muncy v. Commissioner</u>, 637 F. App'x 276 (8th

---

[*]This opinion supplements our previously filed opinion <u>Muncy v.
Commissioner</u>, T.C. Memo. 2014-251, <u>vacated and remanded</u>, 637 F. App'x 276
(8th Cir. 2016).

**[*2]** Cir. 2016), <u>vacating and remanding</u> T.C. Memo. 2014-251.  The Court of Appeals vacated our decision, entered in accordance with our conclusions in <u>Muncy</u>, that petitioner was liable for respondent's deficiency determinations and additions to tax under sections 6651(a)(2) and (f) and 6654(a).

The case was remanded for a determination of whether Janet A. Miller, an Internal Revenue Service (IRS) "Technical Services Territory Manager" who issued the notice of deficiency on behalf of the Commissioner, had authority to issue the notice of deficiency and thus whether this Court has proper subject matter jurisdiction over petitioner's action.

We afforded the parties the opportunity to supplement the record on remand.  Accordingly respondent filed with the Court Delegation Order 4-8.

Respondent determined deficiencies and additions to tax and asserted increased deficiencies with respect to petitioner as follows:[1]

|  |  | Additions to tax | | |
| --- | --- | --- | --- | --- |
| Year | Deficiency[1] | Sec. 6651(f) | Sec. 6651(a)(2) | Sec. 6654(a) |
| 2000 | $60,957 | $44,194 | $15,239 | $3,279 |
| 2001 | 53,915 | 39,088 | 13,479 | 2,155 |

[1]Unless otherwise indicated, all section references are to the Internal Revenue Code in effect at all relevant times, and all Rule references are to the Tax Court Rules of Practice and Procedure.  All monetary amounts are rounded to the nearest dollar.

**[*3]**

| | | | |
|------|--------|--------|--------|--------|
| 2002 | 51,216 | 37,132 | 12,804 | 1,711 |
| 2003 | 54,199 | 39,294 | 13,550 | 1,398 |
| 2004 | 64,759 | 46,950 | 16,190 | 1,856 |
| 2005 | 60,022 | 43,516 | 15,006 | 2,408 |

[1]Respondent originally determined deficiencies of $10,924, $6,881, and $7,435 for 2003, 2004, and 2005, respectively by reducing petitioner's total corrected tax liabilities for these years (the numbers above) by the amounts of restitution ordered by the U.S. District Court for the Eastern District of Arkansas. Respondent now asserts, in his amendment to answer, that the total corrected tax liabilities unreduced by the restitution amounts are the appropriate tax deficiencies for these years.

The issues for decision are whether petitioner: (1) had unreported income for the taxable years 2000 through 2005 (years at issue); (2) is liable for the additions to tax for these years; and (3) is liable for a penalty under section 6673 on the grounds that petitioner's arguments are frivolous and that the proceeding was commenced and maintained primarily for delay.

FINDINGS OF FACT

For convenience, we repeat here the findings of fact in our prior Memorandum Findings of Fact and Opinion describing the relevant history of petitioner Leroy Muncy's employment arrangements and criminal proceedings. We also set forth below certain supplemental findings of fact that were not set

**[\*4]** forth in our prior Memorandum Findings of Fact and Opinion but which are based on the record in the instant case and are relevant to the issues decided on remand.

Petitioner resided in Arkansas at the time the petition was filed. Petitioner failed to file Federal income tax returns and pay estimated tax for tax years 2000 through 2005. Respondent prepared substitutes for returns (SFRs) for these years pursuant to section 6020(b).

From 1978 through 2005 petitioner worked as a wholesale tire salesman at Beacon Tire, Inc. (Beacon Tire). Petitioner was treated as an employee of Beacon Tire until 1994. Around this time petitioner was exposed to an antitaxation group that convinced him that his wages were not taxable and that it was illegal for Beacon Tire to withhold tax from his wages. At his insistence Beacon Tire stopped withholding petitioner's income tax.

In 1998 petitioner began working with individuals who promoted tax-avoidance schemes. The plan was to set up employment agencies to receive petitioner's wages so the wages would not be reported in his name or paid directly to him. Accordingly, petitioner became a "contractor" for a company called Contract Select, Inc. (Contract Select), and a contract was entered into between Beacon Tire and Contract Select. Although petitioner was allegedly an

**[*5]** "independent contractor" for Contract Select (which eventually became Accurate Consulting), no other aspects of petitioner's job or duties changed. Beacon Tire continued to reimburse petitioner for all his business expenses, provided him with a company vehicle to drive, and determined his earnings. Checks for earnings were sent to Contract Select (from 1999 to 2002) and Accurate Consulting (from 2002 to 2005) and were either: (1) deposited or transferred into a trust or a nominee account that petitioner created, (2) cashed by petitioner, or (3) endorsed over to a third party. Petitioner made all decisions regarding the receipt, deposit, or disbursement of income that Beacon Tire paid to these entities. Upon petitioner's insistence, no Forms W-2, Wage and Tax Statement, nor any version of Form 1099 were issued to petitioner by Contract Select or Accurate Consulting to report income paid to him for tax years 2000 through 2005.

Petitioner was investigated by the Criminal Investigation Division of the IRS after audits revealed that petitioner was using an abusive tax scheme and was claiming to be a "sovereign, living soul" who was not a citizen of the United States or the State of Arkansas and not a party to the United States Constitution. During the investigation no valid business purpose was discovered to explain why petitioner's income was sent to Contract Select or Accurate Consulting. In an

[*6] attempt to impede the investigation, petitioner filed over 70 Freedom of Information Act requests with the IRS.

In January 2010 petitioner pleaded guilty to one count[2] of willful attempt to evade and defeat his individual income tax for the 2004 tax year.[3]  His criminal plea agreement stated:  "Except to the extent otherwise expressly specified herein, this Agreement does not bar or compromise any civil or administrative claim pending or that may be made against the defendant, including but not limited to tax matters."  The plea agreement also stated:  "This Agreement is binding only upon the United States Attorney's Office for the Eastern District of Arkansas and the defendant.  It does not bind * * * any other federal, state or local prosecuting, administrative, or regulatory authority."

In its judgment filed October 26, 2010, the District Court placed petitioner on probation for three years and required him to file tax returns as a condition of

---

[2]Specifically, the count states that petitioner "knowingly utilized various shell entities and abusive trusts to prevent withholding by his employer, then intentionally refused to file his tax returns, for the purpose of willfully avoiding the payment of such individual income taxes that would have been due or owing. Such taxes were substantial.  Such conduct by * * * [petitioner] was in violation of Title, 26, U.S.C., Section 7201."

[3]The Information Sheet states:  "On or about April 15, 2005, * * * [petitioner] willfully attempt[ed] to evade and defeat his individual income tax imposed by law for the calendar year 2005."  We take this to mean that the charge relates to the 2004 tax year.

[*7] the probation.  United States v. Muncy, No. 4:10-cr-00018-BSM (E.D. Ark. filed Jan. 8, 2010).  The judgment also deferred the full determination of restitution, or what it called "criminal monetary penalties", until a later date.  Soon after, a restitution report was filed determining restitution amounts of $43,275, $57,878, and $52,587 for tax years 2003 through 2005, respectively.  An order was entered on January 25, 2011, reflecting this determination.

On September 7, 2011, respondent mailed a notice of deficiency to petitioner and attached a Form 4549-A, Income Tax Discrepancy Adjustments.  The notice of deficiency was signed on behalf of the Commissioner by Ms. Miller, Technical Services Territory Manager, pursuant to Delegation Order 4-8, set forth in Internal Revenue Manual (IRM) 1.2.43.9 (Feb. 10, 2004).  In the notice respondent calculated petitioner's total corrected tax liability for each year.  For each of the tax years 2000 through 2002 petitioner's deficiency amount was his total corrected tax liability.  For each of the tax years 2003 through 2005 respondent reduced petitioner's total corrected tax liability by the amounts of criminal restitution ordered for that year to come up with the deficiency amount.  On September 30, 2013, respondent made assessments of the restitution in his internal records.  On June 13, 2014, respondent filed a first amendment to answer stating that petitioner's deficiency for each of the tax years 2003 through 2005

**[*8]** should be petitioner's total corrected tax liability for that year unreduced by the amount of criminal restitution for that year.

Petitioner asserts that the restitution report and the order for restitution represent the full settlement of his tax liabilities for 2003 through 2005. There is no evidence that petitioner has satisfied his criminal restitution order or received any discharge.

On November 7, 2013, in response to petitioner's informal discovery request seeking information about the employment status and authority of IRS personnel, respondent mailed to petitioner (1) a copy of Delegation Order 5-2, which delegates authority to several IRS employees to prepare and execute returns when taxpayers fail to file returns; (2) a copy of Delegation Order 4-8, which delegates the authority to other IRS employees to issue notices of deficiency; and (3) a copy of the Tax Court opinion in <u>Roye v. Commissioner</u>, T.C. Memo. 2012-246, in which the notice of deficiency signed by Ms. Miller was valid.

OPINION

I. <u>Petitioner's Tax Liability</u>

Petitioner contends that respondent's deficiency determinations for tax years 2000 through 2005 are "null and void" because the notice of deficiency was not "issued and sent by a duly authorized delegate of the Secretary". Petitioner's

**[*9]** argument regarding the authority of IRS employees is similar to those we have previously rejected, held to be without merit, and characterized as frivolous. See e.g., Roye v. Commissioner, at *15, *16 n.6; Cooper v. Commissioner, T.C. Memo. 2006-241, 2006 WL 3257397, at *2. We nonetheless address petitioner's contention in accordance with the U.S. Court of Appeals for the Eighth Circuit's instructions that we establish jurisdiction over the present matter.

Statutory notices of deficiency are valid only if issued by the Secretary of the Treasury or his delegate. Kellogg v. Commissioner, 88 T.C. 167, 172 (1987); see secs. 6212(a), 7701(a)(11)(B), (12)(A)(i). The technical services territory manager position is part of the Small Business/Self-Employed (SB/SE) division of the IRS. SB/SE territory managers were specifically delegated the authority to send notices of deficiency in Delegation Order No. 77 (Rev. 28), 61 Fed. Reg. 30937 (June 18, 1996) (effective May 17, 1996). See, e.g., Tarpo v. Commissioner, T.C. Memo. 2009-222, 2009 WL 3048627, at *4 (holding an IRS employee with the title "Technical Services Territory Manager" had the authority to sign and issue notices of deficiency, thus conferring jurisdiction on this Court). That delegated authority was reauthorized without substantive changes in Delegation Order 4-8, IRM pt. 1.2.43.9. Ms. Miller undoubtedly has the authority to sign and issue notices of deficiency. See, e.g., Batsch v. Commissioner, T.C.

**[\*10]** Memo. 2016-140, at \*9 (stating a valid notice of deficiency was signed by the "Technical Services Territory Manager", pursuant to Delegation Order 4-8). We therefore hold that we have jurisdiction.

Generally, the Commissioner's determination of a deficiency is presumed correct, and the taxpayer has the burden of proving it incorrect. Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933). However, the Commissioner generally bears the burden of proof with respect to any increases in deficiency. Rule 142(a).

Petitioner also contends that respondent erred in determining deficiencies for the taxable years 2003 through 2005 because the deficiencies contravene his criminal plea agreement and judgment. Specifically, petitioner contends that the District Court determined his tax liabilities for 2003 through 2005 and that respondent is collaterally estopped from relitigating these amounts. Although the District Court ordered specific restitution amounts for each of the tax years 2003 through 2005, petitioner's tax liabilities for each of these years were not an essential element of the Government's case and were not actually litigated. See sec. 7201; Morse v. Commissioner, 419 F.3d 829, 834 (8th Cir. 2005), aff'g T.C. Memo. 2003-332; Peck v. Commissioner, 90 T.C. 162, 166-167 (1988) (holding that "[t]he parties must actually have litigated the issues and the resolution of these

[*11] issues must have been essential to the prior decision" in order for collateral estoppel to apply), aff'd, 904 F.2d 525 (9th Cir. 1990); see also Senyszyn v. Commissioner, T.C. Memo. 2013-274, at *9-*10 ("Although the existence of an underpayment in tax is a necessary element of tax evasion under section 7201, the determination of an exact liability evaded is not.  Even where the taxpayer has stipulated a specific amount of underpayment in a guilty plea, such stipulation--though strong evidence of the deficiency amount--does not collaterally estop the taxpayer from challenging that amount in a subsequent civil proceeding." (Citations omitted.)).  Furthermore, petitioner's plea agreement expressly states that it "does not bar or compromise any civil or administrative claim pending or that may be made against the defendant, including but not limited to tax matters."[4] Therefore, respondent is not collaterally estopped from determining deficiencies relating to tax years 2003 through 2005.

In the alternative, petitioner contends that the increased deficiencies asserted in respondent's amendment to answer for tax years 2003 through 2005

---

[4]The plea agreement states that it is "binding only upon the United States Attorney's Office for the Eastern District of Arkansas and the defendant" and "does not bind * * * any other federal, state or local prosecuting, administrative or regulatory authority."  The criminal judgment refers to the restitution payments as "criminal monetary penalties" and makes no mention of civil liabilities or penalties.  There is no overpayment for the Court to consider under sec. 6512(b).

**[\*12]** should be reduced by the amounts of restitution ordered for these years. Essentially, petitioner contends that the amounts originally determined in the notice of deficiency are the correct amounts of deficiencies.

Initially, respondent determined deficiencies for tax years 2003 through 2005 by calculating petitioner's total corrected tax liability for each of these years and subtracting the respective amounts of restitution ordered by the District Court. Subsequently, in his amendment to answer, respondent asserted that the amounts of restitution should not be subtracted from the calculated total corrected tax liability for each of these years.

Respondent met his burden of proof with respect to these "increases in deficiencies" asserted in his amended answer. Specifically, respondent offered into evidence invoices from Contract Select and Accurate Consulting to Beacon Tire as well as canceled checks from Beacon Tire to these agencies documenting payments for petitioner's wages. These documents verify that petitioner received income in the amounts respondent determined. Petitioner conceded at trial that he received income from Contract Select and Accurate Consulting, and it was his responsibility to show that the amounts he received from these agencies were nontaxable. See Dodge v. Commissioner, 981 F.2d 350, 354 (8th Cir. 1992), aff'g

**[\*13]** <u>in part, rev'g in part</u> 96 T.C. 172 (1991). Petitioner did not show that these amounts were in error or were not taxable.

This leaves us with the question of whether respondent should reduce his deficiency determinations by amounts of restitution previously ordered by the District Court. The restitution statute expressly contemplates that a civil claim may be brought after the criminal prosecution by providing that the amount paid under a restitution order "shall be reduced by any amount later recovered as compensatory damages for the same loss by the victim in * * * any Federal civil proceeding". 18 U.S.C. 3664(j)(2)(A) (2012). The reverse applies as well: Any amount paid to the IRS as restitution for taxes owed must be deducted from any civil judgment the IRS obtains to collect the same tax deficiency. <u>United States v. Tucker</u>, 217 F.3d 960, 962 (8th Cir. 2000). Accordingly, a civil judgment must be entered before the IRS reduces a taxpayer's tax liability by amounts of restitution paid.

Furthermore, section 6211(a) defines a "deficiency" as the correct tax for a year minus "amounts previously assessed * * * as a deficiency". Before the enactment of sections 6201(a)(4) and 6213(b)(5), the Court held that amounts paid to satisfy restitution ordered by a District Court are not amounts "previously

[*14] assessed[5] * * * <u>as a deficiency</u>" for purposes of section 6211(a)(1) and do not reduce a deficiency determination. <u>Weber v. Commissioner</u>, T.C. Memo. 1995-125, 1995 WL 128456, at *6.

The enactment of sections 6201(a)(4) and 6213(b)(5) follows the logic of both the restitution statute and the Court's prior holding. Section 6201(a)(4) applies to restitution orders entered after August 16, 2010, and provides that the Secretary "shall assess and collect the amount of restitution under an order * * * for failure to pay any tax imposed under * * *[title 26] in the same manner as if such amount were such tax."

Section 6201(a)(4) provides that the IRS shall assess and collect restitution previously ordered by a District Court "in the same manner <u>as if</u> such amount were such tax." (Emphasis added.) This is almost identical to section 6305(a), which provides that the IRS shall assess and collect amounts certified by the Secretary of Health and Human Services as delinquent spousal and child support payments "in the same manner * * * as if such amount were a tax imposed by subtitle C". Section 6305(b) goes on to state that delinquent spousal and child support payments assessed and collected by the IRS "as if" they were a tax under that

---

[5]"Previously assessed" means assessed before our decision. <u>See</u> <u>Winter v. Commissioner</u>, 135 T.C. 238, 244 n.4 (2010).

[*15] provision are not subject to judicial review by the Tax Court--or any other Federal Court, for that matter.  In other words, delinquent spousal and child support payments assessed under section 6305 "as if" they were a tax are not assessed "as a deficiency".  See Murray v. Commissioner, 24 F.3d 901, 903 (7th Cir. 1994) ("Unlike a summary assessment, a deficiency assessment requires the IRS to follow a number of statutory steps before it may undertake to collect the deficiency."); see also Prestwich v. IRS, 796 F.2d 582, 584 (1st Cir. 1986) ("Section 6305(b) therefore reflects the logical intent of Congress to keep the IRS from becoming embroiled in matters between states and individuals in which the federal agency has no direct involvement.").

Another reference point for the analysis of section 6201(a)(4) is section 6665(a)(1), which provides that additions to tax, additional amounts, and civil penalties "shall be assessed, collected, and paid in the same manner as taxes".  (Emphasis added.)  We believe the distinction between "as if" and "as" is significant.  Although this provision requires deficiency procedures for some additions to tax (e.g., for failure to report tips under section 6652(b)), section 6665(b) goes on to say that certain additions to tax are not assessed, collected, and paid in the same manner as taxes and the regular deficiency procedures for assessment and collection do not apply to them.  See sec. 6665(b) ("For purposes

**[\*16]** of subchapter B of chapter 63 * * * subsection (a) [of section 6665] shall not apply to any addition to tax under section 6651, 6654, [or] 6655[.]").  Instead, these other additions to tax are summarily assessed.  Meyer v. Commissioner, 97 T.C. 555, 559-560 (1991).

Similarly, section 6213(b)(5), which applies to notices of assessments of restitution, provides that regular deficiency procedures do not apply to amounts of restitution assessments.  See sec. 6213(b)(5)(B) ("If the taxpayer is notified that an assessment has been or will be made pursuant to section 6201(a)(4) * * * subsection (a) [of section 6213, pertaining to the procedures to challenge a deficiency in Tax Court] shall not apply with respect to the amount of such assessment.").  Although neither section 6201(a)(4) nor section 6213(b)(5) explicitly provides that assessed restitution amounts may not be considered in the definition of a deficiency under section 6211, we believe common sense dictates that they not be included as "amounts previously assessed * * * as a deficiency" for purposes of that section.

Furthermore, the legislative history of section 6201(a)(4) supports this reasoning.  Specifically, the legislative history states that section 6201(a)(4) will allow the IRS "to assess and collect, in the same manner as delinquent taxes * * *, mandatory orders of restitution".  156 Cong. Rec. 12032 (2010) (emphasis added).

[*17] That being said, we believe the "as if such amount were such tax" wording of section 6201(a)(4) is significant and does not share the same meaning as "in the same manner as taxes." Instead, the "as if" wording was intended to empower the IRS to collect court-ordered restitution for criminal tax cases without following regular deficiency procedures.

The Joint Committee on Taxation's general explanation, also known as the Blue Book, provides some guidance on the question as well.[6] See Staff of J. Comm. on Taxation, General Explanation of Tax Legislation Enacted in the 111th Congress, at 459-461 (J. Comm. Print 2011). The Joint Committee states that although an "amount of restitution ordered is computed by reference to the taxes that would have been owed but for the criminal offenses charged, restitution is not itself a determination of tax within the meaning of the Code and does not provide a basis on which tax may be assessed." Id. at 461. Thus, a taxpayer's tax liability is assessed separately from restitution and in fact may exceed amounts of restitution ordered for the year or years in question. See Morse v. Commissioner, 419 F.3d at 834; Gillum v. Commissioner, T.C. Memo. 2010-280, aff'd, 676 F.3d 633 (8th Cir. 2012). This comports with the purpose of the statute, which is not

---

[6]We note that the Blue Books are not legislative history, though they can sometimes be relevant if persuasive. United States v. Woods, 571 U.S. __, __, 134 S. Ct. 557, 568 (2013).

[*18] intended to be a radical departure from the way restitution was previously collected for criminal tax cases for failure to pay tax imposed under title 26. See H.R. 5552, 111th Cong., Preamble (2010) ("to provide for the assessment by the Secretary of the Treasury of certain criminal restitution"). Rather, the statute is intended to enhance the IRS' and the Treasury Department's collection capabilities when restitution is ordered. 156 Cong. Rec. 12031 ("The bill would also allow the IRS to collect restitution debt that has been court ordered to be paid in criminal tax cases."). Before the enactment of the statute, collection responsibilities were shared among the District Court that ordered restitution, the Financial Litigation Unit of the local U.S. Attorney's Office, and the IRS. See Staff of J. Comm. on Taxation, supra, at 460. Now, in addition to that collection mechanism, the statute allows the IRS to immediately assess the restitution without issuing a statutory notice of deficiency and collect (as if it were a tax) the court-ordered restitution. See secs. 6201(a)(4), 6213(b)(5).

Petitioner was ordered to pay restitution for failure to pay tax imposed under title 26 for tax years 2003 through 2005. Because the order was entered after August 16, 2010, section 6201(a)(4) applies. Firearms Excise Tax Improvement Act of 2010, Pub. L. No. 111-237, sec. 3(c), 124 Stat. at 2498. Although respondent assessed the restitution before our decision--that is, the restitution was

**[\*19]** "previously assessed", respondent did not assess the restitution "as a deficiency".[7]  Instead, the restitution was summarily assessed.  Therefore, we conclude and hold that petitioner's criminal plea agreement and judgment ordering restitution did not discharge, and do not reduce, petitioner's deficiencies for tax years 2003 through 2005.  We sustain respondent's deficiency determinations on the notice of deficiency for tax years 2000 through 2002 and sustain the increased deficiencies asserted in respondent's Amendment to Answer for tax years 2003 through 2005.

II.     Additions to Tax and Penalty

Petitioner asserts that the doctrines of res judicata and collateral estoppel preclude respondent from seeking civil fraud additions to tax.[8]  For the reasons described above, we conclude that those doctrines do not apply.  See also Morse v.

---

[7]Even if we were to assume arguendo that the restitution had been collected without assessment, it would not have been collected "as a deficiency".

[8]Petitioner also contends in his petition that the Double Jeopardy Clause of the Fifth Amendment of the U.S. Constitution bars the Commissioner from imposing civil fraud penalties and additions to tax in the notice of deficiency.  We note that the double jeopardy clause "protects only against the imposition of multiple criminal punishments for the same offense." Hudson v. United States, 522 U.S. 93, 99 (1997).  Furthermore, the civil tax penalty for fraud is not a punishment for purposes of the Double Jeopardy Clause of the Fifth Amendment. Helvering v. Mitchell, 303 U.S. 391, 398 (1938); Morse v. Commissioner, T.C. Memo. 2003-332, aff'd, 419 F.3d 829 (8th Cir. 2005); Roberts v. Commissioner, T.C. Memo. 1997-216.

[*20] Commissioner, 419 F.3d at 834 ("[T]he government does not surrender its right to seek civil fraud penalties by undertaking a criminal tax prosecution."). Therefore, we review respondent's determination that petitioner is liable for additions to tax for tax years 2000 through 2005.

## A. Fraudulent Failure To File a Tax Return

The addition to tax in cases of fraud is a civil sanction provided primarily as a safeguard for the protection of revenue and to reimburse the Government for the heavy expense of investigation and loss resulting from the taxpayer's fraud. Helvering v. Mitchell, 303 U.S. 391, 401 (1938); see also Price v. Commissioner, T.C. Memo. 1996-204. To sustain the 75% addition to tax provided by section 6651(f), respondent has the burden of proving by clear and convincing evidence that petitioner underpaid his income tax and that some part of the underpayment was due to fraud. See sec. 7454(a); Rule 142(b); see also Clayton v. Commissioner, 102 T.C. 632, 646 (1994); Jones v. Commissioner, T.C. Memo. 2014-101; Good v. Commissioner, T.C. Memo. 2012-323.

In applying the addition to tax under section 6651(f), we consider the same elements, or long-recognized "badges of fraud", discussed in cases applying section 6663 or former section 6653(b)(1). Clayton v. Commissioner, 102 T.C. at 647-653; see Niedringhaus v. Commissioner, 99 T.C. 202, 211-213 (1992). Fraud

**[*21]** may be proved by circumstantial evidence, and the taxpayer's entire course of conduct may establish the requisite fraudulent intent.  Rowlee v. Commissioner, 80 T.C. 1111, 1123 (1983).  Circumstantial evidence of fraud present here includes the pattern of failure to file returns, failure to report substantial amounts of income, concealing assets, engaging in illegal activities, failure to cooperate with the taxing authorities in determining petitioner's correct liability, and failure to make estimated tax payments.  See, e.g., Bradford v. Commissioner, 796 F.2d 303, 307-308 (9th Cir. 1986), aff'g T.C. Memo. 1984-601; Powell v. Granquist, 252 F.2d 56, 60-61 (9th Cir. 1958); Clayton v. Commissioner, 102 T.C. at 647; Grosshandler v. Commissioner, 75 T.C. 1, 19-20 (1980); Gajewski v. Commissioner, 67 T.C. 181, 199-202 (1976), aff'd without published opinion, 578 F.2d 1383 (8th Cir. 1978).

Respondent contends, first, that petitioner is estopped to deny fraud for tax year 2004 by his guilty plea to a violation of section 7201.  A conviction for Federal income tax evasion, either upon a plea of guilty, or upon a jury verdict of guilt, conclusively establishes fraud in a subsequent civil tax fraud proceeding through application of the doctrine of collateral estoppel.  Weber v. Commissioner, T.C. Memo. 1995-125.  Petitioner was convicted of criminal tax evasion under section 7201 pursuant to a plea agreement in the District Court in

[*22] which he pleaded guilty to one count of tax evasion for the 2004 taxable year. Because the conviction required showing that petitioner willfully attempted to evade tax, petitioner is collaterally estopped from contesting that he is liable for the addition to tax for fraud with respect to the 2004 taxable year. See DiLeo v. Commissioner, 96 T.C. 858, 885 (1991), aff'd, 959 F.2d 16 (2nd Cir. 1992). We therefore hold that petitioner is liable for the fraud addition to tax for the 2004 tax year.

Petitioner did not file returns for any of the years in issue, and he did not dispute any of the facts establishing his receipt of substantial taxable income during the years in issue. Petitioner engaged in a complex scheme to conceal his income and assets during the years in issue. He was convicted of engaging in that conduct in order to defeat the payment of taxes due for 2004, and the obvious purpose of engaging in the scheme was to evade taxes for the previous years (and subsequent year) as well. The objective facts are clear and convincing evidence of fraud sufficient to satisfy respondent's burden of proof. The additions to tax for fraud have frequently been imposed on taxpayers like petitioner "who were knowledgeable about their taxpaying responsibilities * * * [and] consciously decided to unilaterally opt out of our system of taxation." Miller v. Commissioner, 94 T.C. 316, 335 (1990) (citing numerous relevant cases); see

**[\*23]** <u>Niedringhaus v. Commissioner</u>, 99 T.C. at 212-213.  Accordingly, we hold that petitioner is liable for the additions to tax under section 6651(f) and sustain respondent's determinations as set forth in the notice of deficiency.

    B.    <u>Failure To Pay Tax</u>

Section 6651(a)(2) provides for an addition to tax when a taxpayer fails to timely pay the tax shown on a return unless the taxpayer proves that the failure was due to reasonable cause and not due to willful neglect.  Respondent has satisfied his burden of production with respect to the additions to tax under section 6651(a)(2).  <u>See</u> sec. 7491(c).  Respondent prepared SFRs in accordance with section 6020(b) for all of the years at issue, and petitioner did not pay the amounts shown as due.  <u>See</u> sec. 6651(g); <u>Cabirac v. Commissioner</u>, 120 T.C. 163, 170-173 (2003), <u>aff'd without published opinion</u>, 2004 WL 7318960 (3d Cir. 2004).  As a result, respondent's burden of producing evidence that supports an addition to tax for failure to timely pay tax due under section 6651(a)(2) is satisfied.  Petitioner has not offered any arguments alleging reasonable cause for failure to pay the amounts shown as due on the substitute returns and so is liable for the addition to tax under section 6651(a)(2) for each of the years at issue.

**[\*24]** C.    Failure To Pay Estimated Tax

Respondent determined that petitioner is liable for additions to tax under section 6654. Section 6654(a) and (b) provides for an addition to tax in the event of a taxpayer's underpayment of a required installment of estimated tax. As it relates to this case, each required installment of estimated tax is equal to 25% of the "required annual payment", which in turn is equal to the lesser of (1) 90% of the tax shown on the taxpayer's return for that year (or, if no return is filed, 90% of his or her tax for such year) or (2) 100% of the tax shown on the taxpayer's return for the immediately preceding taxable year. Sec. 6654(d)(1)(A) and (B).

The Commissioner's burden of production under section 7491(c) requires him to produce, for each year for which the addition is asserted, evidence that the taxpayer had a "required annual payment" under section 6654(d). To do so, the Commissioner must establish the tax shown on the taxpayer's return for the preceding year or demonstrate that the taxpayer filed no such return. See Wheeler v. Commissioner, 127 T.C. 200, 212 (2006), aff'd, 521 F.3d 1289 (10th Cir. 2008); Schlussel v. Commissioner, T.C. Memo. 2013-185.

Respondent introduced evidence to prove that petitioner was required to file Federal income tax returns for 2000 through 2005, that petitioner did not file returns for 2000 through 2005, and that petitioner did not make estimated tax

[*25] payments for 2000 through 2005. However, respondent did not introduce evidence sufficient to prove that petitioner had an obligation to make any estimated tax payments for 2000. See Wheeler v. Commissioner, 127 T.C. at 211. Respondent was required to produce sufficient evidence that petitioner had a required annual payment for 2000 under section 6654(d), and respondent failed to do so.

Instead, respondent produced evidence establishing that petitioner did not file a return for 2000 and that petitioner had an income tax liability for that year. This evidence was sufficient to permit the Court to make the analysis required by section 6654(d)(1)(B)(i). However, in order to permit the Court to make the analysis required by section 6654(d)(1)(B)(ii) and to conclude that respondent had met his burden of producing evidence that petitioner had a required annual payment for 2000 payable in installments under section 6654, respondent also had to introduce evidence showing whether petitioner had filed a return for the preceding taxable year and, if he did, the amount of tax shown on that return. Respondent did not do so. Without that evidence, we cannot identify the number equal to 100% of the tax shown on petitioner's 1999 return, we cannot complete the comparison required by section 6654(d)(1)(B), and we cannot conclude that petitioner had a required annual payment for 2000 that was payable in installments

[*26] under section 6654. Consequently, respondent's determination regarding the section 6654 addition to tax for the 2000 tax year is not sustained.

Petitioner did not file returns for tax years 2001 through 2005; he did not file returns for the years immediately preceding these years; and he did not pay estimated tax in these years. There are exceptions to the obligation to make estimated tax payments set forth in section 6654, but petitioner has not shown that he meets the criteria for those exceptions. See sec. 6654(e); McLaine v. Commissioner, 138 T.C. 228, 249 (2012) ("The burden of proof is on petitioner to show that he is covered by one of the relief provisions of section 6654[.]"). Therefore, petitioner is liable for the addition to tax under section 6654 for tax years 2001 through 2005 calculated with respect to the required annual payment-- 90% of the tax due for those years.

D.    Section 6673 Penalty for Frivolous Arguments

The Court may penalize a taxpayer if the taxpayer institutes or maintains proceedings primarily for delay or if the taxpayer's position is frivolous or groundless. Sec. 6673(a)(1). In the exercise of our discretion we will not impose a section 6673(a)(1) penalty on petitioner at this time, however we warn petitioner that if, in the future, he maintains frivolous positions in this Court, he runs the risk that we will sanction him under section 6673(a)(1). Now that such a warning has

**[*27]** been issued, the Court expects that petitioner will not continue to make frivolous arguments in this or other Tax Court proceedings or relitigate a settled case.

In reaching our decision, we have considered all arguments made by the parties, and to the extent not mentioned or addressed, they are irrelevant or without merit.

To reflect the foregoing,

<u>An appropriate decision will be entered</u>.