# United States Court of Appeals
## For the Eighth Circuit

———————————————————

No. 17-2576

———————————————————

Leroy Muncy

*Appellant*

v.

Commissioner of Internal Revenue

*Appellee*

——————————

Appeal from The United States Tax Court

——————————

Submitted: March 29, 2018
Filed: May 16, 2018

——————————

Before BENTON, BOWMAN, and KELLY, Circuit Judges.

——————————

BENTON, Circuit Judge.

Leroy Muncy appeals the order of the Tax Court finding he owes additional income taxes and penalties. On appeal, he challenges only the validity of the Commissioner of Internal Revenue's notice of deficiency (NOD). This court reviews de novo, as a matter of law, whether the Tax Court had jurisdiction pursuant to a validly issued NOD. *See* **Bartman v. Comm'r**, 446 F.3d 785, 787 (8th Cir. 2006) (standard of review).

Muncy argues that the signer of the NOD did not have authority to "issue" it. This court previously remanded for factual findings "whether [Janet A.] Miller[, the IRS employee who purported to issue the NOD,] occupied a position that gave her authority—under the delegation order in effect at the time the NOD was issued, or under any other authorization—to issue Muncy the NOD." *Muncy v. Comm'r*, 637 Fed. Appx. 276, 277 (8th Cir. 2016). The Tax Court made some general statements, relying on its precedent. *See Muncy v. Comm'r*, T.C. Memo. 2017-83, 2017 WL 2211216, at *3 (May 17, 2017), *citing Tarpo v. Comm'r*, T.C. Memo. 2009-222, 2009 WL 3048627, at *4 (Sept. 24, 2009) *and Batsch v. Comm'r*, T.C. Memo. 2016-140, 2016 WL 4006809, at *3 (July 26, 2016), *aff'd*, 695 Fed. Appx. 166 (8th Cir. 2017).

Muncy relies on a literal reading of Delegation Order 4-8, incorporated in the Internal Revenue Manual.[1] *See* **Internal Revenue Manual § 1.2.43.9**, 2011 WL 7320171 (2011). Delegation Order 4-8 authorizes certain employees to "sign and send" NODs. **§ 1.2.43.9(2)**. *See also* **§ 1.11.2.2(1)**, 2011 WL 7321805 (2011) ("The IRM is the primary, official source of IRS 'instructions to staff' relating to the administration and operation of the Service."). Among the listed employees are "SB/SE Technical Services Revenue Agent Reviewers GS-12 and Tax Compliance Officer Reviewers GS-09." **§ 1.2.43.9(3)**. Miller's position—Small Business/Self-Employed (SB/SE) Technical Services Territory Manager—is not directly listed.

But Miller's position is higher than, and supervisory of, both SB/SE Technical Services positions directly listed in Delegation Order 4-8. The Manual section on the "Organizational Structure" of "Technical Services" says that "Technical Services is composed of seven territories that align with the seven SB/SE Examination Compliance Areas . . . ." **§ 4.8.1.2(1)**, 2011 WL 7349301 (2011). "Each territory is led by a Territory Manager." **§ 4.8.1.2(3)**. There are "groups within each territory."

---

[1]Citations to the Internal Revenue Manual refer to the Manual in effect as of September 7, 2011, the date the NOD was issued.

-2-

*Id.* "Groups are composed of a Manager, *Revenue Agent Reviewers*, *Tax Compliance Officer Reviewers*, Tax Examiners, and supporting clerical staff." **§ 4.8.1.2(4)** (emphasis added). In sum, Territory Managers lead a staff that includes the Revenue Agent Reviewers and Tax Compliance Officer Reviewers.

The Manual says, "Authority should be delegated directly to the lowest level expected to take final action." **§ 1.11.4.4.1(1)**, 2011 WL 7321882 (2011). This means that as a general rule, "[e]very intervening line supervisory position up to and including the Commissioner has the same authority." **§ 1.11.4.4.1(1)(a)**. Because Miller was in an intervening line supervisory position with respect to SB/SE Technical Services Revenue Agent Reviewers and Tax Compliance Officer Reviewers, she had authority to sign and send the NOD. *See* **§ 4.8.9.6.1(3)**, 2011 WL 7349726 (2011) ("Delegation Order 4-8 in IRM 1.2.43.9 delegates the authority to sign statutory notices of deficiency to *Technical Services Managers*, Revenue Agent Reviewers GS-12 and above, or Tax Compliance Officers GS-09 and above." (emphasis added)).

The NOD satisfies the statutory requirement that the deficiency be "determine[d]," and the NOD "sen[t]," by someone "duly authorized by the Secretary of the Treasury directly, or indirectly by one or more redelegations of authority, to perform the function . . . ." *See* **26 U.S.C. §§ 6212(a)**; **7701(a)(11)(B)**; **7701(a)(12)(A)(i)**.

*******

The judgment of the Tax Court is affirmed.

_____