T.C. Memo. 2018-192

UNITED STATES TAX COURT

JEFFREY D. GREGORY, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 1090-16L.                    Filed November 20, 2018.

R filed a notice of Federal tax lien to secure the collection of an unpaid liability shown on P's Federal income tax return for 2005 and a deficiency R determined for 2009. P does not dispute his liability for 2005 but challenges the validity of R's assessment of a deficiency for 2009 because of an alleged failure to mail him a notice of deficiency.

<u>Held</u>: A "reprint" of a notice of deficiency for P's 2009 taxable year evidences the creation of the notice before assessment, even though the reprint was prepared more than two years after the alleged mailing of the original notice and omitted or misstated information that would have appeared on any notice actually mailed.

<u>Held</u>, <u>further</u>, a certified mail list sufficient to evidence the mailing of a notice of deficiency need not use an official U.S. Postal Service form.

[*2]      Held, further, a valid notice of deficiency need not comply with the definition of that term provided in the Internal Revenue Manual and thus need not include all of the information listed in that definition.

Held, further, the omission from a notice of deficiency of the last day to file a timely petition for redetermination does not invalidate the notice. Rochelle v. Commissioner, 116 T.C. 356 (2001), aff'd, 293 F.3d 740 (5th Cir. 2002), followed.

Held, further, a technical services territory manager has authority to sign and issue a notice of deficiency. Muncy v. Commissioner, T.C. Memo. 2017-83, aff'd, 890 F.3d 724 (8th Cir. 2018), followed.

Jeffrey D. Gregory, pro se.

Sharyn M. Ortega, for respondent.

MEMORANDUM OPINION

HALPERN, Judge: This case is before us for review of a determination by the Internal Revenue Service (IRS) Appeals Office (Appeals) to sustain the filing of a notice of Federal tax lien (NFTL) concerning petitioner's unpaid Federal income tax liabilities for his taxable years ended December 31, 2005 and 2009. Petitioner has conceded all issues other than the validity of respondent's assessment of a deficiency for 2009.

[*3]                              Background

Residence

At the times petitioner filed the petition and the amended petition, he resided in California.

Tax Returns, Payments, and Additional Assessment

Petitioner did not file a Federal income tax return for his taxable year ended December 31, 2005, until July 30, 2008, and did not begin paying the tax shown as due on that return until August 2009. He filed a timely return for his 2009 taxable year and paid the liability shown on that return.

On April 8, 2013, respondent assessed additional tax and an accuracy-related penalty for petitioner's 2009 taxable year. Petitioner claims that he never received a notice of deficiency for that year.

The NFTL and Petitioner's Request for a CDP Hearing

Respondent mailed the NFTL to petitioner on January 28, 2014. One month later, respondent received petitioner's request for a collection due process (CDP) hearing. In his hearing request, petitioner stated his belief that he was not liable for the assessed tax. He also stated his desire to "[v]erify whether or not the IRS complied with all proper procedures as required by law" and his interest in discussing collection alternatives in regard to any amounts he might actually owe.

**[*4]** <u>CDP Hearing and Notice of Determination</u>

Upon being assigned to petitioner's case, respondent's Appeals Officer Alicia Howard reviewed petitioner's file and transcripts. The file apparently did not include a notice of deficiency for petitioner's 2009 taxable year because Ms. Howard requested a copy of the notice, along with a certified mail list, from respondent's Examination Division.

On February 17, 2015, Valerie Weber, a second Appeals officer assigned to petitioner's case, received a "reprint" of a notice of deficiency from Brian Juster, a group manager for respondent's Small Business/Self-Employed (SB/SE) Exam Technical Services Group. In a declaration of Mr. Juster that the parties submitted at trial, he explained that, as part of his official duties, he supervised employees in the use of "an Access database program which generates Notices of Deficiency." Mr. Juster described the document he provided to Ms. Weber as "a reprinted copy of a Notice of Deficiency issued to petitioner * * * for tax year 2009."

After exchanging correspondence with petitioner, Ms. Weber spoke with him by telephone on March 18, 2015. During that call, according to Ms. Weber, petitioner conceded his liability for his 2005 taxable year and asked for more time to gather information concerning his liability for 2009. Ms. Weber allowed petitioner two more weeks. In early April 2015, petitioner submitted documents

**[*5]** for reconsideration of his 2009 deficiency and, in a faxed letter to Ms. Weber, raised questions about the issuance of a notice of deficiency for that year. Ms. Weber forwarded petitioner's documentation to Exam/Appeals, which determined that the information did not warrant any changes in the assessed amounts. Ms. Weber then reiterated to petitioner a request for financial information to allow for consideration of collection alternatives, but petitioner did not comply with that request.

In December 2015, respondent issued a notice of determination sustaining the NFTL.

Unpaid Balance for 2005

When the Court asked petitioner at trial to identify any issues regarding his 2005 taxable year, he responded: "At this point in time * * * nothing." Petitioner agreed that respondent had not assessed any tax for 2005 beyond the amount shown on his return and that he had not paid that amount in full. Respondent's counsel then interjected that petitioner's 2005 tax liability had been fully paid. A transcript of petitioner's account for his 2005 taxable year jointly submitted by the parties, however, shows a balance due as of December 7, 2016, of $1,169.03.

**[\*6]** <u>Reprint of 2009 Notice of Deficiency</u>

At trial, the parties jointly submitted a document they describe as "a true and correct copy of an undated copy of a notice of deficiency, comprised of four pages, for tax year 2009, acquired by Appeals and provided to petitioner." A fax cover sheet preceding that document indicates that the document submitted is the reprint of the notice that Ms. Weber received from Mr. Juster.[1]

Mr. Juster's declaration explains the difference between a reprint and a copy of a notice of deficiency. As he explained: "Reprinted Notices of Deficiency contain the same name and mailing address of the recipient and the same amounts of any deficiencies, additions to tax, or penalties for a given tax year, as were contained in the original Notice." He continued: "When a Notice of Deficiency is either printed or reprinted, any date fields are not populated automatically. Applicable Notice of Deficiency dates are added by hand prior to the Notice being mailed Certified to a taxpayer." A reprint will show the names of the Commissioner and technical services territory manager as of the date of reprinting. The individuals named in the reprint thus may not be those whose names appeared

---

[1]The cover sheet identifies the fax as being to "Valerie" from "BJ" and is dated February 17, 2015.

**[\*7]** on any notice of deficiency previously prepared from the database and mailed to the taxpayer.

Consistent with Mr. Juster's explanation, the reprinted notice of deficiency the parties submitted shows petitioner's name and address and the amounts of a deficiency in tax and an accuracy-related penalty under section 6662(a)[2] for his 2009 taxable year. Although the printed form has captions for a date of issuance and the last day to file a petition with this Court, the spaces beside those captions are blank. The printed form identifies John A. Koskinen as the Commissioner but his name is crossed out by hand and the name "Sandra Tucker" is handwritten beside it. The reprint bears the signature of Susan G. Braunz. Beneath Ms. Braunz's signature, her name appears in print along with the title "Technical Services Territory Manager". The four pages of the reprint do not provide an explanation of how the deficiency was computed or the adjustments on which it was based. The reprint provides no space for a certified mail number, and no such number was added by hand.

---

[2]All section references are to the Internal Revenue Code of 1986, as amended, and all Rule references are to the Tax Court Rules of Practice and Procedure unless otherwise indicated.

**[*8]** <u>Certified Mail List</u>

The parties also jointly submitted a certified mail list dated November 13, 2012, that lists statutory notices of deficiencies sent to taxpayers for specified taxable years. The list bears the heading "Examination Division, Technical Services". A legend at the bottom of the list reads: "Internal Revenue Service-- Official Use Only".

Petitioner's name and address appear on the list, along with a reference to his 2009 taxable year. The list includes 11 other entries, which are blacked out on the copy the parties submitted. An "Article Number" is listed for each entry, including petitioner's.

Above the legend at the bottom of the form, printed captions appear for "Total Number of Pieces Listed By Sender", "Total Number of Pieces Received At Post Office", and "Postmaster And Date". The number "12" is written by hand beside each of the first two captions. Handwritten initials appear beside the first and third captions. A circular mark is stamped next to the initials that appear beside the caption "Postmaster And Date". The stamped mark includes the date November 13, 2012. The writing along the top of the circle is not entirely legible but appears to include "YRON RUMFORD STATION". The letters "YRON" appear to be preceded by another that is obscured by the initials beside the

**[*9]** "Postmaster And Date" caption.  Inscribed along the bottom of the circle is "OAKLAND, CA", followed by what appears to be a zip code.

Discussion

I.      Introduction

Sections 6320 and 6330 provide a taxpayer the right to notice and the opportunity for an Appeals hearing before the Commissioner can collect unpaid taxes by means of a lien or levy against the taxpayer's property.  If a taxpayer requests a CDP hearing, the Appeals officer conducting the hearing must verify that the requirements of any applicable law or administrative procedure have been met.  Secs. 6320(c), 6330(c)(1).  The taxpayer may raise at the hearing any relevant issue relating to the unpaid tax or the collection action, including appropriate spousal defenses, challenges to the appropriateness of collection actions, and offers of collection alternatives.  See sec. 6330(c)(2)(A).

As a general rule, the Commissioner cannot assess a deficiency without first mailing a notice of deficiency to the taxpayer and allowing him a specified period to file with this Court a petition for redetermination.  Sec. 6213(a).  If a taxpayer in a CDP case did not receive a statutory notice of deficiency for any period for which the Commissioner is attempting to collect a deficiency or did not otherwise have an opportunity to dispute the liability the Commissioner seeks to collect, the

[*10] taxpayer can raise in his CDP hearing challenges to the existence or amount of that liability. See sec. 6330(c)(2)(B).

Section 6330(d)(1) allows a taxpayer to petition this Court for review of a determination made under section 6320 or 6330 and grants us jurisdiction with respect to the matter upon the timely filing of a petition.

II.    Petitioner's Concessions

Although in the amended petition petitioner assigns error to what he characterizes as the IRS' claim that he had taxable income and tax liabilities for 2005 and 2009, he agreed at trial that he had no issues to raise in regard to 2005. In his posttrial brief, petitioner attributes the absence of any issue in regard to 2005 to the parties' agreement that "the taxes for 2005 have been fully paid." In support of that claim, however, he cites the account transcript that shows a balance due. Respondent acknowledged in his brief that his counsel "misspoke * * * when she stated that the balance for 2005 was full[y] paid."

Under the circumstances, we agree with respondent that "[p]etitioner was not prejudiced by the misstatement of the 2005 balance." Because petitioner raised in his brief no issues in regard to his 2005 taxable year, even though he had reason to know that a liability remained outstanding, we will treat him as having conceded any issues for that year. See Remuzzi v. Commissioner, T.C. Memo.

**[*11]** 1988-8, T.C.M. (P-H) para. 88,008, at 88-46 (1988) (treating as conceded an issue not raised by taxpayers in briefs), aff'd on other grounds, 867 F.2d 609 (4th Cir. 1989); see also Rule 151(e)(5) (requiring briefs to discuss the points of law involved in the case and disputed questions of fact).

Similarly, although petitioner attempted in his CDP hearing to challenge his underlying tax liability for 2009, and stated in his petition a belief that he does not owe the deficiency respondent determined, he made no arguments on brief that the deficiency is incorrect in amount. Petitioner's only challenge to the deficiency respondent determined for 2009 is that its assessment was improper because, he claims, respondent did not mail to him a valid notice of deficiency for that year.

III.   Validity of Assessment of 2009 Deficiency

Petitioner's claims regarding the validity of respondent's assessment of the deficiency he determined in petitioner's 2009 Federal income tax fall into four categories:  First, petitioner asserts that respondent did not create a notice of deficiency.  Second, he contends that any notice created was not mailed.  Third, he claims that the notice was invalid because it lacked essential content.  And finally, he asserts that Ms. Braunz lacked the authority to issue a notice of deficiency.  We address each group of arguments in turn below and conclude that none provides a

[*12] basis for determining that respondent's assessment of a deficiency for petitioner's 2009 taxable year was invalid.

## A. Existence of Notice

Respondent asserts that he issued petitioner a notice of deficiency for petitioner's 2009 taxable year but admits that "[t]here was no copy of the original Notice of Deficiency * * * in the administrative file." Petitioner asks: "How can we tell if the NOD [notice of deficiency] was ever printed and mailed out, when there is no copy of the actual NOD that was supposedly PRINTED OUT and then mailed to Petitioner?!" He also contends: "Juster Declaration is admission of Respondent that the NOD which is part of the record of this case was a) never printed out by Respondent, b) to be mailed out to Petitioner, c) to have a copy of it made and save in Petitioner's file."

Respondent responds that "[t]he notice proffered to demonstrate its existence does not have to be an original but can be a copy or reprint." In support of his claim respondent cites rule 1001(e) of the Federal Rules of Evidence. That rule is not an operative rule; it merely defines the term "duplicate" to mean "a counterpart produced by a mechanical, photographic, chemical, electronic, or other equivalent process or technique that accurately reproduces the original." That definition supplements the operative provision found in Fed. R. Evid. 1003, which

[*13] generally allows the admission of a duplicate "to the same extent as the original".

As respondent observes, the U.S. Court of Appeals for the Tenth Circuit cited Fed. R. Evid. 1001(e) in rejecting a taxpayer's complaint that "the IRS's proffered copies of the notices [of deficiency] are reprints from its computer database, not photocopies".  Portwine v. Commissioner, 668 F. App'x 838, 840 n.1 (10th Cir. 2016), aff'g T.C. Memo. 2015-29.  The court observed that the taxpayer had "cite[d] no authority indicating that a reprint cannot serve as adequate evidence of the existence of a notice of deficiency" and proceeded to invoke Fed. R. Evid. 1001(e).  Id.

We are not convinced that the reprint the parties submitted in this case qualifies as a "duplicate" within the meaning of Fed. R. Evid. 1001(e).  Because the reprint omits dates that would have appeared on any notice of deficiency actually sent to petitioner and apparently names individuals other than those whose names would have appeared on any original, the reprint is not an accurate reproduction of any notice of deficiency sent to petitioner.

Moreover, Portwine is distinguishable from the case before us.  The reprint in that case bore a date that matched the date of a certified mail list the Commissioner submitted.  Portwine v. Commissioner, T.C. Memo. 2015-29, at

**[\*14]** \*12.  It also included the certified mail number shown on the mailing list for the item purportedly mailed to the taxpayer.  Id.

Portwine, however, is not the only case in which we accepted reprints of a notice of deficiency as evidence of a valid assessment.  In Alamo v. Commissioner, T.C. Memo. 2017-215, we relied on two reprints of a notice of deficiency for the year in issue, along with other evidence, to conclude that the Commissioner had not only created a notice of deficiency but also had mailed it to the taxpayer.

But Alamo is also distinguishable from the present case.  The reprints in Alamo, like that in Portwine, bore dates that matched the dates of certified mail lists the Commissioner submitted.  Our conclusion in Alamo regarding the existence and mailing of the notice was further supported by a notation in the Commissioner's records that the notice was returned as unclaimed or refused.  Because the reprints in Portwine and Alamo were apparently prepared contemporaneously with the alleged mailings, they provided stronger evidence that notices of deficiency were actually printed out and mailed to the taxpayers.

Nonetheless, those factors that distinguish the present case from Portwine and Alamo do not require a different result.  Even if the reprint the parties submitted in the present case does not qualify as a duplicate, we see no reason it

[*15] cannot serve as evidence that respondent prepared a notice of deficiency for petitioner's 2009 taxable year. We infer from the inclusion in respondent's database of the information shown on the reprint that respondent created a notice of deficiency for petitioner's 2009 taxable year in accordance with his customary practice.[3] We draw that inference not from the document the parties submitted but instead from the information included in respondent's database. The reprint simply evidences information that had been stored in the database before the reprint's creation. Thus, we conclude that the reprint is sufficient to support Appeals Officer Weber's determination regarding the existence of a notice of respondent's determination of a deficiency in petitioner's 2009 Federal income tax.[4]

---

[3]We also infer, on the basis of Mr. Juster's description of his supervisory duties, that the Access database program that produced the reprint is customarily used to generate notices of deficiency mailed to taxpayers.

[4]As petitioner observes, Mr. Juster's declaration makes it clear that the reprinted notice of deficiency included in the record was not itself mailed to petitioner. But we see nothing in Mr. Juster's declaration that could be read as an admission that <u>no</u> notice of deficiency, in any form, was mailed to petitioner for his 2009 taxable year. In fact, Mr. Juster's description of the reprint as "a * * * copy of a Notice of Deficiency issued to petitioner * * * for tax year 2009" indicates his belief that a notice <u>was</u> prepared and mailed using the information stored in the Access database.

**[*16]** B.     Mailing of Notice

Of course, that a notice of deficiency was created does not establish that it was mailed.  See Garrett v. Commissioner, T.C. Memo. 2016-179, at *13.  We thus now turn to petitioner's questions regarding the mailing of the notice.

1.     Absence From Reprint of Certified Mail Number

Petitioner complains that the reprint of the 2009 notice of deficiency does not bear a certified mail number.  He asks:  "Without a certified mail number listed on the NOD, how can we know that the NOD was mailed by Respondent to Petitioner?  How could we track that item at the Post Office's website * * * to see if it was mailed out by Respondent to Petitioner?"

Respondent's certified mail list answers petitioner's first question.  It associates a certified mail number[5] with the notice respondent says he mailed to petitioner and thus provides evidence that the notice was not only created but also mailed.  See id. at *7.  By the time of petitioner's CDP hearing in March 2015, however, that certified mail number could not have been used to track a notice of deficiency mailed on November 13, 2012, because the Postal Service stores tracking information on items sent by certified mail for no more than two years.

---

[5]We assume that the article numbers appearing on respondent's certified mail list are the certified mail numbers assigned to the listed notices of deficiency.

**[\*17]** U.S. Postal Service, USPS Tracking--The Basics, https://usps.force.com/ faq/s/article/USPS-Tracking-The-Basics (last visited Nov. 14, 2018).

### 2. Absence From Reprint of Date of Issuance

Petitioner argues that "[w]ithout a date of issuance on the NOD, we cannot tell if the NOD was ever mailed out on ANY DATE at all." The absence of a date of issuance from the reprint of the notice of deficiency, however, is not surprising. As Mr. Juster explained, in accordance with respondent's customary procedures, a notice of deficiency's date of issuance is added by hand after the notice is printed. Moreover, as noted above, respondent's certified mail list evidences the mailing of the notice whose existence we have accepted on the basis of the information stored in respondent's database and shown on the reprint.

### 3. Form of Mailing List

Petitioner complains that respondent used his own form of a certified mail list: "The Certified Mailing * * * is NOT a Postal Form 3877 or authorized equivalent, or state that it is a postal form at all, but a home-made form of 'Examination Division Technical Services' that on top left of the page calls itself 'Certified Mail List.'" He asserts: "Respondent must follow the applicable Postal Regulations, just like taxpayers and use the Form 3877 or its equivalent, authorized by the Post Office."

**[\*18]** The taxpayer in <u>Garrett v. Commissioner</u>, at \*13, made the same argument and, as in that case, we can "quickly dispose" of it. As we said there: "The Commissioner is not required to produce a USPS Form 3877 if he produces equivalent evidence of proper mailing." <u>Id.</u>

Petitioner has not identified any information missing from respondent's certified mail list that would be included on a Postal Service Form 3877. We thus conclude that respondent's certified mail list is equivalent to a Postal Service Form 3877, and we accept that list as evidence that respondent mailed to petitioner on November 13, 2012, a notice of deficiency for his 2009 taxable year.

### 4. Validity of Postmark

Petitioner challenges the validity of the postmark that appears on respondent's certified mail list. As he interprets that mark, in addition to "some illegible language", it reads "Oakland, CA" and "from runford station". He reasons that "no Post Office Postmark would state 'from' on it." He also claims that the mark makes no reference to a Post Office or the USPS.

**[\*19]** In fact, Byron <u>Rumford</u> Station is the name of a post office in Oakland, California.[6]  With that in mind, we read as "YRON" the letters that petitioner interprets as "from".  (We assume that the obscured letter that precedes those four letters is a "B".)  We thus reject petitioner's claim that the postmark makes no reference to a post office, and we accept its validity.

  C.  <u>Content of Notice</u>

    1.  <u>In General</u>

Petitioner observes that the notice reprint is "ONLY 4 pages long".  He adds:  "[T]here is NO explanation, reasons, facts, law or calculations listed on the NOD to give us a hint as to what Respondent found to be a problem/issue/concern/ objection/adjustments to * * * [his] tax return".  He observes that the reprint does not include all of the items required by pt. 4.8.9.2 of the Internal Revenue Manual (IRM).  That part of the manual, as in effect in November 2012, defined the term "notice of deficiency" as a "legal determination" that "consists of" four items: (1) "[a] letter explaining the purpose of the notice, the amount of the deficiency, and the taxpayer's options," (2) "[a] waiver to allow the taxpayer to agree to the additional tax liability," (3) "[a] statement showing how the deficiency was

---

   [6]U.S. Post Office Hours, Byron Rumford Post Office, https://www.uspostofficehours.org/location/ca_1301_byron_rumford_ post_office (last visited Nov. 14, 2018).

[*20] computed," and (4) "[a]n explanation of the adjustments." IRM pt. 4.8.9.2 (June 14, 2011).[7] Because the reprint does not include all of those items, petitioner concludes: "[T]he NOD and the assessment for 2009 are invalid, due to the NOD having no substance whatsoever behind the tax and penalty numbers listed on its front page of the NOD."

Petitioner's complaints about the content of the reprint do not provide reason to question the validity of the assessment respondent made on the basis of that notice. To begin with, although we have accepted the reprint the parties submitted as evidence of the notice's existence, we need not view it as delimiting the extent of the content of any notice actually mailed to petitioner. The document actually mailed may have included additional content not reflected in the reprint.

Moreover, even if the actual notice had no content beyond that of the reprint, the notice would still have been sufficient to support respondent's assessment. A notice of deficiency need not take any particular form but is adequate as long as it notifies the taxpayer of the Commissioner's intent to assess a deficiency and gives him the opportunity to petition this Court for

---

[7]Petitioner cites a revised version of Internal Revenue Manual pt. 4.8.9.2 adopted on August 11, 2016. The description of the four elements of a notice of deficiency stated in the revised definition of that term is substantially identical to that in the earlier version.

[*21] redetermination. As the Court of Appeals for the Second Circuit explained in Olsen v. Helvering, 88 F.2d 650, 651 (2d Cir. 1937), "the notice [of deficiency] is only to advise the person who is to pay the deficiency that the Commissioner means to assess him; anything that does this unequivocally is good enough." More recently, this Court observed that "no particular form is required" for a notice of deficiency "as long as it is a formal communication informing the taxpayer that a deficiency has been determined and stating either the taxable period involved or giving sufficient information that the taxpayer reasonably could not be deceived as to the taxable period." Smith v. Commissioner, T.C. Memo. 1979-16, T.C.M. (P-H) para. 79,016, at 79-53 (1979).

It is immaterial that the IRM defines the term "notice of deficiency" to consist of elements beyond those required by caselaw. "The IRM lacks the force of law and does not create rights for taxpayers." Weiss v. Commissioner, 147 T.C. 179, 196 (2016), aff'd, 2018 WL 2759389 (D.C. Cir. May 22, 2018); Walker v. Commissioner, T.C. Memo. 2018-22, at *25. We therefore reject petitioner's argument that respondent's assessment was invalid because the reprint of the notice of deficiency did not include sufficient information.

**[\*22]** 2. <u>Absence From Reprint of Last Day To File Timely Petition</u>

As an alternative ground for his claim that respondent did not mail him a valid notice of deficiency, petitioner observes that the reprinted notice of deficiency does not state the last day to file a timely petition for redetermination with this Court. Section 3463(a) of the Internal Revenue Service Restructuring and Reform Act of 1998 (RRA 1998) requires the Secretary or his delegate to include on any notice of deficiency issued under section 6212 the last day on which the taxpayer can file a petition with this Court. RRA 1998, Pub. L. No. 105-206, sec. 3463(a), 112 Stat. at 767. Any petition filed on or before the specified date is treated as timely filed (regardless of whether it is filed within 90 days after mailing of the notice). Sec. 6213(a) (last sentence).

Again, the absence of information from the reprint does not establish the omission of that same information from any notice of deficiency respondent mailed to petitioner. As Mr. Juster explained, the date of issuance and last day to file a timely petition are added to a notice of deficiency by hand after the notice is printed and before it is mailed to the taxpayer.

Moreover, the omission from a notice of deficiency mailed to a taxpayer of the last day on which to file a timely petition in response to the notice does not automatically invalidate it. See <u>Rochelle v. Commissioner</u>, 116 T.C. 356 (2001),

**[*23]** aff'd, 293 F.3d 740 (5th Cir. 2002); accord Elings v. Commissioner, 324 F.3d 1110 (9th Cir. 2003). Congress enacted section 3463 of RRA 1998 to ensure that taxpayers would not be foreclosed from litigating their deficiencies on a prepayment basis merely because of "a miscalculation of the filing period under section 6213(a)". Rochelle v. Commissioner, 116 T.C. at 360. Because petitioner claims not to have received a notice of deficiency for his 2009 taxable year, he cannot also claim that his failure to file a petition for redetermination of the deficiency resulted from a miscalculation of the filing period. If petitioner did not receive any notice mailed by respondent, he cannot have been prejudiced by the omission from that notice of the last date to file a timely petition for redetermination. We therefore reject petitioner's argument that the absence from the reprint of the last day to file a timely petition with this Court establishes that respondent did not mail to him a valid notice of deficiency for his 2009 taxable year.

D.     Authority of Signer

Finally, as one last challenge to the validity of respondent's notice of deficiency, petitioner argues that, "to * * * [his] best knowledge and research", Ms. Braunz "is NOT a delegate of the Commissioner with the authority to issue NODs." Moreover, petitioner claims that our opinion in Muncy v. Commissioner,

[*24] T.C. Memo. 2017-83, aff'd, 890 F.3d 724 (8th Cir. 2018), provides "proof" that Ms. Braunz "did NOT have the delegation of authority to issue the NOD that was issued to * * * [him] for year 2009."

Muncy actually establishes just the opposite--that technical services territory managers such as Ms. Braunz do have authority to issue notices of deficiency and have since at least October 10, 2008. As we explained in Muncy v. Commissioner, at *9: "The technical services territory manager position is part of the Small Business/Self-Employed * * * division of the IRS." We accepted Delegation Order 4-8, IRM pt. 1.2.43.9 (Sept. 4, 2012), as documentation that SB/SE technical services territory managers have authority to issue notices of deficiency. In his appeal of our decision to the Court of Appeals for the Eighth Circuit, the taxpayer in Muncy v. Commissioner, 890 F.3d at 725, relied on "a literal reading of Delegation Order 4-8" to claim that the order did not delegate to SB/SE technical services territory managers authority to issue notices of deficiency. The appellate court agreed that Delegation Order 4-8 did not "directly list[]" SB/SE technical services territory managers. Id. at 725. But, as the court explained, Delegation Order 4-8 did list two technical services employees who were subject to the supervision of technical services territory managers. And because the IRM provides for the direct delegation "to the lowest level expected to

**[*25]** take final action", IRM pt. 1.11.4.4.1 (Oct. 10, 2008), those in supervisory positions over the specific delegatees generally have the same authority. Therefore, the Court of Appeals for the Eighth Circuit concluded that the SB/SE technical services territory manager who signed the notice of deficiency at issue in Muncy v. Commissioner, 890 F.3d at 726, "had authority to sign and send" the notice.

Following Muncy, we reject petitioner's argument that Ms. Braunz lacked the authority to issue him a notice of deficiency for his 2009 taxable year.

IV.    Conclusion

As noted at the outset, petitioner has conceded all issues other than the validity of respondent's assessment of a deficiency in his 2009 Federal income tax. Having rejected each of his challenges to the validity of that assessment, we conclude that Appeals properly sustained the NFTL.

Decision will be entered for

respondent.