T.C. Memo. 2017-52

UNITED STATES TAX COURT

LEIF D. ROZIN, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 17803-14.                    Filed March 29, 2017.

Henry Louis Sirkin, for petitioner.

Gary R. Shuler, Jr., for respondent.

MEMORANDUM OPINION

GOEKE, Judge: The parties agree that there is a deficiency in income tax of

$392,083 and a penalty pursuant to section 6663[1] of $294,062 for tax year 1998.

_____

[1]Unless otherwise indicated, section references are to the Internal Revenue
Code applicable at all relevant times. Rule references are to the Tax Court Rules
of Practice and Procedure. All monetary amounts are rounded to the nearest

(continued...)

[*2] The only question for decision is whether the deficiency and penalty are reduced, before assessment, by petitioner's remittances of $387,687 and $374,460 made on October 29, 2010, and July 26, 2012, respectively.

## Background

The parties submitted this case fully stipulated under Rule 122. The stipulation of facts and the facts drawn from stipulated exhibits are incorporated herein. At the time the petition was filed, petitioner resided in Florida.

On September 27, 1999, petitioner filed Form 1040, U.S. Individual Income Tax Return (1998 return), reporting tax owed of $222,141 for tax year 1998. Petitioner made total payments of $266,792 for tax year 1998. On November 8, 1999, the Internal Revenue Service (IRS) issued petitioner a refund of $44,651, as petitioner had overpaid the tax liability reported on his 1998 return. The IRS has not made any additional civil tax assessment for petitioner's tax year 1998.

## Criminal Proceeding

On April 29, 2008, after a criminal trial in the U.S. District Court for the Southern District of Ohio, a jury found petitioner guilty of: subscribing a false tax

---

[1](...continued)
dollar.

[*3] return under section 7206(1); attempting to evade taxes under section 7201; and conspiracy to defraud the Government in violation of 18 U.S.C. sec. 371.

By letter dated October 29, 2010, petitioner made a payment of $387,687 to the Department of the Treasury. The payment was calculated by the U.S. Probation Department as the tax loss for 1998 in United States v. Rozin, No. 1:05-cr-000139 SJD-1 (S.D. Ohio).

On January 6, 2012, the U.S. Court of Appeals for the Sixth Circuit affirmed the judgment of the District Court and upheld the convictions under sections 7206(1) and 7201 and 18 U.S.C. sec. 371. United States v. Rozin, 664 F.3d 1052 (6th Cir. 2012).

On February 4, 2011, the District Court entered judgment ordering petitioner to pay $775,294 in restitution to the IRS. The judgment document stated: "As of the date of this judgment, * * * [petitioner] has paid $387,687 leaving a balance of $388,607". On July 26, 2012, petitioner made a payment of $374,460 to the "Department of Treasury, Internal Revenue Service, Attn MS 6261 Restitution". Petitioner's two restitution payments made to the Department of the Treasury totaled $762,147.

Petitioner and his co-defendants made restitution payments that fully paid the restitution ordered by the District Court. On July 26, 2012, the Government

**[*4]** filed a satisfaction of criminal judgment with the District Court and released the lien arising from the restitution order filed against petitioner.

Examination

At the time the restitution payments were received, the IRS' books and records reflected that petitioner did not have a balance due for tax year 1998.

Respondent did not issue an examination report to petitioner until August 19, 2013, over a year after the restitution payments were received. On May 1, 2014, respondent mailed a notice of deficiency (notice) to petitioner. In the notice respondent determined a deficiency on the basis of flowthrough adjustments to an S corporation return for which petitioner was a shareholder, wherein income of the S corporation was underreported. Respondent determined that petitioner was liable for a resulting deficiency in income tax of $392,083 and a penalty under section 6663 of $294,062.

Petitioner has not executed a Form 4089-B, Notice of Deficiency--Waiver, for tax year 1998. On July 29, 2014, petitioner timely filed a petition with this Court for redetermination. Respondent has not assessed the deficiency and section 6663 penalty for tax year 1998. Respondent has not yet applied the restitution payments against petitioner's income tax liability and section 6663 penalty for tax year 1998.

**[*5]**                                    Discussion

The parties agree that there is a deficiency of $392,083 and a section 6663 penalty of $294,062 for tax year 1998. The parties, however, disagree about the treatment and characterization of petitioner's restitution payments. This dispute boils down to an issue of timing. Petitioner requests that we treat the restitution payments as payment in satisfaction of his deficiency and section 6663 penalty for tax year 1998. Respondent, however, is statutorily prohibited from crediting petitioner's account until the deficiency and the section 6663 penalty are assessed. See secs. 6201(a)(4), 6213(a), (b)(5); see also Schwartz v. Commissioner, T.C. Memo. 2016-144.

Our jurisdiction in a deficiency case is predicated on the Commissioner's issuing a valid notice of deficiency and the taxpayer's timely filing a petition with this Court challenging the notice. Secs. 6212, 6213, 7442; Rules 13, 20; see, e.g., Midland Mortg. Co. v. Commissioner, 73 T.C. 902, 907 (1980).

Respondent is unable to reduce his deficiency and section 6663 penalty determinations, before assessment, by amounts of restitution previously ordered by the District Court and remitted by petitioner. Although restitution is based upon an estimate of civil tax liability, it is not determinative of civil tax liability. See Morse v. Commissioner, 419 F.3d 829, 833-835 (8th Cir. 2005), aff'g T.C. Memo.

**[*6]** 2003-332; Hickman v. Commissioner, 183 F.3d 535, 537-538 (6th Cir. 1999), aff'g T.C. Memo. 1997-566. The restitution statute specifically contemplates that a civil claim may be brought after the criminal prosecution by providing that the amount paid under a restitution order "shall be reduced by any amount later recovered as compensatory damages for the same loss by the victim in * * * any Federal civil proceeding". 18 U.S.C. sec. 3664(j)(2) (2012). Furthermore, any amount paid to the IRS as restitution for taxes owed must be deducted from any civil judgment the IRS obtains to collect the same tax deficiency. See United States v. Tucker, 217 F.3d 960, 962 (8th Cir. 2000); United States v. Helmsley, 941 F.2d 71, 102 (2d Cir. 1991). It follows that until a civil judgment is entered, the IRS is unable to reduce a taxpayer's liability by restitution paid. See Schwartz v. Commissioner, T.C. Memo. 2016-144, at *12.

Petitioner relies upon Creel v. Commissioner, 419 F.3d 1135 (11th Cir. 2005), in support of his contention that his "civil tax liabilities have been extinguished" by the restitution paid. Petitioner's reliance on Creel, however, is misplaced. In Creel, the taxpayer was not contesting the assessment of tax and penalties, but rather challenging the IRS' collection actions post assessment of civil tax liabilities in excess of restitution ordered. Respondent is not attempting to collect additional amounts; he is merely attempting to officially record the fact

[*7] and amount of petitioner's administratively determined tax liability, or rather to make an assessment.

A deficiency must first exist before restitution remittances for taxes owed can be applied to reduce that deficiency. In other words, the restitution assessment, which is assessed "as if" it were a tax, cannot offset a tax assessment until a tax assessment of the deficiency has been made. The amount of a deficiency turns not on what payments have been applied to an account, but rather on what assessments have been made with respect to that account. Longino v. Commissioner, T.C. Memo. 2013-80, at *70-*71, aff'd, 593 F. App'x 965 (11th Cir. 2014); see sec. 301.6211-1(b), Proced. & Admin. Regs. ("Payments on account of estimated income tax, like other payments of tax by the taxpayer, shall likewise be disregarded in the determination of a deficiency."); see also Burke v. Commissioner, T.C. Memo. 2009-282, slip op. at 20-21 n.11 ("[O]nce the tax actually due has all been assessed, there is no more deficiency--whether or not the tax due has been paid."); Mackey v. Commissioner, T.C. Memo. 2004-70, slip op. at 9 (holding that remittances made before issuance of notice of deficiency without corresponding assessments did not affect amount of deficiency); Hillenbrand v. Commissioner, T.C. Memo. 2002-303, slip op. at 11 ("Payments are not included

**[*8]** in determining or redetermining a deficiency, simply because they do not fit within the definition of a deficiency.").

The IRS is authorized to make various types of assessments. Sec. 6201. The most common types are summary assessments, which can be immediately assessed, and deficiency assessments. A deficiency assessment requires the IRS to follow a number of statutory steps before it may undertake to collect the deficiency. Murray v. Commissioner, 24 F.3d 901, 903 (7th Cir. 1994). Section 6212(a) provides that if the Secretary determines that there is a deficiency, he is authorized to send a notice of the deficiency to the taxpayer. The IRS generally cannot assess a deficiency unless a notice of deficiency has been issued. See sec. 6213(a). As income tax is subject to the deficiency procedures, an assessment generally cannot be made until the taxpayer waives the restrictions prohibiting assessment; the 90-day or 150-day period expires following the issuance of a notice of deficiency; or, if the taxpayer timely files a petition with this Court, the Court's decision becomes final. Sec. 6213(a); sec. 301.6213-1(a)(2), Proced. & Admin. Regs.

Deficiency procedures apply to amounts attributable to a "deficiency". Section 6211(a) defines a deficiency as follows:

[*9]        SEC. 6211(a).  In General.--For purposes of this title in the case of income, estate, and gift taxes imposed by subtitles A and B and excise taxes imposed by chapters 41, 42, 43, and 44 the term "deficiency" means the amount by which the tax imposed by subtitle A or B, or chapter 41, 42, 43, or 44 exceeds the excess of--

>    (1) the sum of

>    >    (A) the amount shown as the tax by the taxpayer upon his return, if a return was made by the taxpayer and an amount was shown as the tax by the taxpayer thereon, plus

>    >    (B) the amounts previously assessed (or collected without assessment) as a deficiency, over--

>    (2) the amount of rebates, as defined in subsection (b)(2), made.

In other words, a deficiency is the correct tax, minus the tax shown on the return, minus prior deficiency assessments, plus rebates.

Petitioner contends that respondent erred in "calculating the tax due and owing to the IRS because the [n]otice does not account for [p]etitioner's payments of $387,687.00 and $374,460.48 on October 29, 2010 and July 26, 2012, respectively."  This argument, however, assumes that respondent was required to give petitioner credit for the restitution payments pursuant to section 6211(a).

Petitioner's restitution payments were not "shown as the tax" on his 1998 return.  Petitioner reported tax owed of $222,141 on his 1998 return, made total

[*10] payments of $266,792, and was issued a refund for the difference. The IRS has since made no additional civil tax assessments for petitioner's tax year 1998. Accordingly, petitioner's restitution payments do not discharge or reduce his deficiency and section 6663 penalty determinations under section 6211(a)(1)(A).

Although petitioner's restitution payments were previously assessed,[2] they were not assessed "as a deficiency"; rather, they were summarily assessed. Section 6213(b)(5) provides that regular deficiency procedures do not apply to amounts of restitution assessments. A restitution order under 18 U.S.C. sec. 3664 is a criminal penalty and, even if computed by reference to civil tax liability, is not a final determination of civil tax liability. In re Jara, No. 14-80057-G3-13, 2015 WL 542408, at *3 (Bankr. S.D. Tex. 2015). A restitution order "is a lien in favor of the United States on all property and rights to property of the person fined as if the liability of the person fined were a liability for a tax assessed under the Internal Revenue Code". 18 U.S.C. sec. 3613(c) (2006). The IRS is instructed to assess and collect restitution for failure to pay any tax "in the same manner as if such amount were such tax". Sec. 6201(a)(4) (emphasis added).[3] The IRS is permitted

---

[2]That is, assessed before our decision. See Winter v. Commissioner, 135 T.C. 238, 276 n.4 (2010).

[3]This section applies for restitution orders entered after August 16, 2010.

(continued...)

**[\*11]** to immediately assess, without issuing a statutory notice of deficiency, and collect, as if it were a tax, the restitution ordered. See secs. 6201(a)(4), 6213(b)(5). Accordingly, restitution ordered is assessed separately from a taxpayer's tax liability and does not provide a basis on which a tax may be assessed.

Thus, petitioner's restitution payments are not included as "amounts previously assessed * * * as a deficiency", and respondent was not permitted to reduce his determination by those payments under section 6211(a)(1)(B). See also Weber v. Commissioner, T.C. Memo. 1995-125, 1995 WL 128456, at \*6. Because restitution does not fit within the definition of a deficiency under section 6211, restitution payments made do not reduce or discharge a deficiency determination before the deficiency is assessed.

By failing to waive restrictions on assessment and filing a petition in this Court, petitioner has effectively prevented respondent from doing exactly what he is requesting respondent to do--reduce the amount due by amounts remitted before petitioner received the notice. See sec. 6213(a). After the amount of petitioner's

---

[3](...continued)
Firearms Excise Tax Improvement Act of 2010, Pub. L. No. 111-237, sec. 3(c), 124 Stat. at 2498. The restitution order in petitioner's District Court case was issued on February 4, 2011.

[*12] restitution order was summarily assessed, respondent determined an income tax deficiency for petitioner's tax year 1998. Upon making that determination, respondent was statutorily obligated to send petitioner a notice of deficiency before assessing the deficiency and the section 6663 penalty. See sec. 6212(a). Respondent has stipulated that following entry of a final decision in this proceeding, he will assess the income tax deficiency of $392,083, the penalty pursuant to section 6663 of $294,062, and interest as provided by law for tax year 1998. And respondent will credit petitioner's account with the restitution payments, as of the date of those payments, against those civil tax assessments.

To reflect the foregoing,

<u>Decision will be entered for respondent</u>.