# United States Tax Court

T.C. Memo. 2025-41

THOMAS S. MILLER,
Petitioner

v.

COMMISSIONER OF INTERNAL REVENUE,
Respondent

————

Docket No. 19624-22.                    Filed May 5, 2025.

————

*Howard N. Kaplan*, for petitioner.

*Timothy M. Peel*, *Lisa R. Jones*, and *Joline M. Wang*, for respondent.


## MEMORANDUM OPINION

JENKINS, *Judge*: The Internal Revenue Service (IRS) issued a Notice of Deficiency determining deficiencies and additions to tax for petitioner's 2012, 2013, 2014, 2015, 2016, and 2017 tax years (years at issue). Petitioner had previously entered into a plea agreement (Plea Agreement), admitting to willfully committing an affirmative act constituting an attempt to evade or defeat a tax due and owing for his 2014 tax year and admitting to additional facts relevant to his 2013 tax year. Respondent alleged facts related to the Plea Agreement and petitioner's 2013 and 2014 tax years in respondent's Answer. Before this Court is respondent's Motion for Partial Summary Judgment (MPSJ) pursuant to Rule 121,[1] contending that petitioner is liable for additions to tax under section 6651(f) on the grounds of collateral estoppel, given

———

[1] Unless otherwise indicated, statutory references are to the Internal Revenue Code, Title 26 U.S.C. (Code), in effect at all relevant times, and Rule references are to the Tax Court Rules of Practice and Procedure. Monetary amounts are rounded to the nearest dollar.

**[*2]** the Plea Agreement, and the facts alleged in respondent's Answer that respondent argues are deemed admitted pursuant to Rule 37(c). For the reasons discussed herein, the MPSJ will be granted.

## *Background*

The following facts are based on the parties' pleadings, the First Stipulation of Facts, the MPSJ papers, including Exhibits thereto, and petitioner's Response to the MPSJ. *See* Rule 121(c). The facts are stated solely for the purpose of ruling on the MPSJ and not as findings of fact in this case. *See Sundstrand Corp. v. Commissioner*, 98 T.C. 518, 520 (1992), *aff'd*, 17 F.3d 965 (7th Cir. 1994).

I.      *Procedural History*

Petitioner failed to file federal income tax returns for the years at issue. The IRS determined the following amounts with respect to the years at issue in the Notice of Deficiency.

| Tax Year | Deficiency | Additions to Tax | | | |
| --- | --- | --- | --- | --- | --- |
| | | Section 6651(a)(1) | Section 6651(a)(2) | Section 6651(f) | Section 6654 |
| 2012 | $9,652 | $2,132 | $2,369 | — | $169 |
| 2013 | 26,638 | — | 6,660 | $19,313 | 478 |
| 2014 | 138,239 | — | 34,560 | 100,223 | 2,482 |
| 2015 | 12,211 | 2,747 | 3,053 | — | 220 |
| 2016 | 10,647 | 2,396 | 2,662 | — | 255 |
| 2017 | 7,146 | 1,608 | 1,787 | — | 171 |

While residing in South Dakota, Petitioner timely filed a Petition disputing the Notice of Deficiency. Respondent filed an Answer to the Petition, which makes allegations in support of the determination that petitioner's failure to file income tax returns for tax years 2013 and 2014 is due to fraud. After the time for petitioner to file a reply to respondent's Answer under Rule 37 had elapsed, respondent filed a Motion for Entry of Order that Undenied Allegations be Admitted Pursuant to Rule 37(c) (Rule 37(c) Motion). After the Court extended petitioner additional time to reply, petitioner filed a Reply, and, accordingly, the Court denied respondent's Rule 37(c) Motion.

**[\*3]** II.    *Plea Agreement*

Count I of the Information (Charge) filed in the criminal case of *United States v. Miller*, No. 20CR86 (D. Neb. filed Mar. 16, 2020), charged petitioner with tax evasion in violation of section 7201 for the tax year 2014. Petitioner entered into the Plea Agreement in the U.S. District Court for the District of Nebraska with respect to the Charge. In the Plea Agreement, petitioner admitted to willfully committing an affirmative act constituting an attempt to evade or defeat a tax due and owing. Although the Plea Agreement related specifically to tax year 2014, it set forth as a basis for the plea a series of facts relevant to both petitioner's 2013 and 2014 tax years, indicating that those facts "are true and undisputed." Except as otherwise noted, the facts described *infra* Background Part II are set forth in the Plea Agreement.

Petitioner worked for and had an ownership interest in his family's business, Sioux Plating Co., Inc. (SPC). Petitioner received wage payments from SPC that were reported on Forms W–2, Wage and Tax Statement, until July 9, 2011. On or about August 1, 2011, petitioner's wage payments from SPC started to be classified as "vendor payments." Petitioner cashed paychecks from SPC in both 2013 and 2014. Per the parties' First Stipulation of Facts, the amounts cashed total $47,884 for 2013 and $45,685 for 2014. SPC did not issue petitioner Forms 1099–MISC, Miscellaneous Income, or Forms W–2 for any of these payments, and petitioner did not report them on tax returns for the 2013 and 2014 tax years. Petitioner also received payments related to the sale of SPC—$50,000 in 2013 and $605,977 in 2014. Petitioner took actions to conceal the payments, including having the $50,000 payment split between a cashier's check and cash, and the payments were not reported on tax returns for the 2013 and 2014 tax years. The Plea Agreement indicated that the tax due and owing on the income related to SPC for the 2013 and 2014 tax years was $18,408 and $125,408, respectively.

The Plea Agreement also indicated that the United States may use petitioner's disclosures pursuant to the Plea Agreement against petitioner in any civil proceeding. And it provided that restitution owed to the U.S. Department of the Treasury pursuant to 18 U.S.C. § 3663(a)(3) "to include relevant conduct as it relates to tax years 2013 and 2014" totals $143,456. This amount is equal to the amount indicated in the Sentencing Agreements portion of the Plea Agreement as the tax

[*4] loss.[2] The Plea Agreement indicates that nothing in it limits petitioner's civil liability, "including but not limited to remedies regarding . . . taxation."

III.   *Answer*

Respondent alleges in the Answer that petitioner is the defendant in the case that led to the Plea Agreement, the judgment in which subsequently became final.[3] Respondent further alleges that petitioner committed all of the actions alleged in the Charge. After reiterating the reclassification of petitioner's wage income as "vendor payments," respondent alleges: "Through this reclassification Miller evaded the assessment and payment of his income tax liability." And after reiterating the amounts described in the Plea Agreement with respect to the SPC sale, respondent alleges that "Miller knew that these amounts were taxable income which was required to be reported on a tax return. Miller failed to file an income tax return in 2013 in an attempt to evade tax. Miller's failure to file a 2013 income tax return was fraudulent." Respondent alleges substantially the same for the 2014 tax year.

Petitioner's Reply does not specifically deny any of the allegations in the Answer. It simply states: "Petitioner alleges, in part, that he does not owe the amount of taxes or penalties shown on the Notice of Deficiency for the tax years 2013 and 2014." It further states: "Petitioner paid $143,456 in restitution for the tax years 2013 and 2014, none of which was reflected in the Notice of Deficiency issued by respondent." And finally, the Reply indicates that petitioner admits that any deficiency for the tax year 2014 is subject to the provisions of section 6651(f), but prays that the Notice of Deficiency not be approved because of its failure to take into account restitution. This is despite the fact that the Answer specifically admits that petitioner paid restitution of $18,408 and $125,048 for tax year 2013 and 2014, respectively, and "that

_____

[2] This amount is $360 less than the total of the amount of income tax related to SPC-related income that the Plea Agreement indicates is due and owing for the 2013 and 2014 tax years. The discrepancy appears to arise from petitioner having been treated, for purposes of the tax loss and restitution computations, as owing $125,048, instead of $125,408, for the 2014 tax year, given that respondent's Answer indicates that $125,048 is the amount of restitution that petitioner paid for that year.

[3] The parties have stipulated the authenticity of the Plea Agreement and the final order in petitioner's criminal case.

**[*5]** such amount will be applied to any deficiency which is ultimately assessed against petitioner" for the year.

IV.     *MPSJ and Response*

Respondent moves, under Rule 121, for summary adjudication as to whether petitioner is liable for additions to tax under section 6651(f) for tax years 2013 and 2014. Respondent seeks partial summary judgment on the ground of collateral estoppel based on the Plea Agreement, as well as allegations in respondent's Answer that were undenied by petitioner and that respondent therefore argues are deemed admitted. Petitioner indicates in his Response that he "is not alleging that he does not *owe* civil fraud penalties for tax years 2013 and 2014," and in fact "concedes that he is liable for civil fraud penalties for tax year 2013 and 2014" but simply disputes "*the amount* of any such taxes and civil fraud penalties" for those years and argues that respondent has failed to credit him with amounts paid for tax years 2013 and 2014.

*Discussion*

I.     *Summary Judgment Standard*

The purpose of summary judgment is to expedite litigation and avoid costly and unnecessary trials. *FPL Grp., Inc. v. Commissioner*, 116 T.C. 73, 74 (2001). The Court will grant a motion for partial summary judgment regarding an issue only if there is no genuine dispute of material fact and the movant is entitled to judgment as a matter of law. Rule 121(a)(2); *Elec. Arts, Inc. & Subs. v. Commissioner*, 118 T.C. 226, 238 (2002). A partial summary adjudication is appropriate if some but not all issues in the case may be decided as a matter of law, even though not all the issues in the case are disposed of. *See* Rule 121(a)(1); *Turner Broad. Sys., Inc. & Subs. v. Commissioner*, 111 T.C. 315, 323–24 (1998). In deciding whether to grant summary judgment, the Court construes factual materials and inferences drawn from them in the light most favorable to the nonmoving party. *Sundstrand Corp.*, 98 T.C. at 520. However, the nonmoving party "may not rest on the allegations or denials" in his pleadings but instead must set forth specific facts showing that there is a genuine dispute for trial. Rule 121(d); *see Sundstrand Corp.*, 98 T.C. at 520.

Given petitioner's concession in his Response, there is no genuine dispute as to any material fact that would prevent summary adjudication as to the sole issue presented by the MPSJ: whether he is

[*6] liable for additions to tax under section 6651(f) for the fraudulent failure to file his tax returns for tax years 2013 and 2014.

## II.   *Fraudulent Failure to File*

Section 6651(a)(1) provides for an addition to tax for failure to file a timely return (unless the taxpayer shows that the delinquency is due to reasonable cause and not due to willful neglect). The amount of the addition is a percentage of the amount of tax required to be shown on the return—5% per month for up to five months, for a maximum of 25% (reduced for any prepayments or credits under section 6651(b)(1)). In the case of a fraudulent failure to file, the addition to tax is increased to 15% (rather than 5%) for each month or fraction thereof during which the delinquency continues, not to exceed 75% (rather than 25%) in the aggregate. § 6651(f). The Commissioner bears the burden of proving fraud by clear and convincing evidence. § 7454(a); Rule 142(b); *Clayton v. Commissioner*, 102 T.C. 632, 646 (1994); *Mohamed v. Commissioner*, T.C. Memo. 2013-255, at *18.

There are two elements of fraud under the Code: (1) existence of an underpayment and (2) fraudulent intent with respect to at least some part of the underpayment. *Petzoldt v. Commissioner*, 92 T.C. 661, 699 (1989). To establish that there was an underpayment for tax year 2014 and that at least some portion of the underpayment was due to fraud, respondent relies on petitioner's criminal conviction under section 7201. Respondent argues that, because petitioner was convicted of committing fraud under section 7201 for tax year 2014, petitioner is estopped from denying that he fraudulently failed to file his federal income tax return for tax year 2014. Consequently, petitioner must be held liable for an addition to tax under section 6651(f) as a matter of law. Respondent also argues that, on the basis of the facts with respect to tax year 2013 that petitioner admitted to in the Plea Agreement and the allegations in the Answer that petitioner should be deemed to have admitted to, petitioner must also be held liable for the 2013 tax year for an addition to tax under section 6651(f) as a matter of law.

## III.   *Collateral Estoppel*

Collateral estoppel precludes relitigating any issue of fact or law that was actually litigated and necessarily determined by a valid and final judgment. *Kotmair v. Commissioner*, 86 T.C. 1253, 1262 (1986). The doctrine of collateral estoppel applies in this case because a judgment in a prior proceeding precludes litigation in this second

**[*7]** proceeding as long as the issues and the parties are the same. *See Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 326 n.5 (1979); *Niedringhaus v. Commissioner*, 99 T.C. 202, 213 (1992). It makes no difference that petitioner's conviction under section 7201 was the result of a guilty plea and not a trial. *See DiLeo v. Commissioner*, 96 T.C. 858, 886 (1991), *aff'd*, 959 F.2d 16 (2d Cir. 1992); *see also Anderson v. Commissioner*, T.C. Memo. 2009-44, 2009 WL 454182, at *19, *aff'd*, 698 F.3d 160 (3d Cir. 2012); *Montalbano v. Commissioner*, T.C. Memo. 2007-349, 2007 WL 4165258, at *3, *aff'd*, 307 F. App'x 332 (11th Cir. 2009).

A conviction for tax evasion under section 7201 requires proof of specific intent to defraud—the same element necessary for section 6651(f). *See Madge v. Commissioner*, T.C. Memo. 2000-370, 2000 WL 1800520, at *3, *aff'd*, 23 F. App'x 604 (8th Cir. 2001); *Wallace v. Commissioner*, T.C. Memo. 2000-49, 2000 WL 146800, at *5; *cf. Clayton*, 102 T.C. at 653 (indicating that the inquiry under section 6651(f) is the same as under current section 6663); *Brennan v. Commissioner*, T.C. Memo. 2009-77, 2009 WL 960215, at *6 (same). Accordingly, a taxpayer's conviction under section 7201 for a given year conclusively establishes the fraudulence of that taxpayer's failure to file returns; and under the doctrine of collateral estoppel, a taxpayer is estopped from denying that he fraudulently failed to file returns for tax years for which he was convicted under section 7201. *Muncy v. Commissioner*, T.C. Memo. 2017-83, at *21 ("A conviction for federal income tax evasion, either upon a plea of guilty, or upon a jury verdict of guilt, conclusively establishes fraud in a subsequent civil tax fraud proceeding through application of the doctrine of collateral estoppel."), *supplementing* T.C. Memo. 2014-251, *aff'd*, 890 F.3d 724 (8th Cir. 2018); *Brennan v. Commissioner*, 2009 WL 960215, at *6; *Madge v. Commissioner*, 2000 WL 1800520, at *3. Accordingly, petitioner's conviction under section 7201 for tax year 2014 conclusively establishes the fraudulence of his failure to file a return for that year. Thus, under the doctrine of collateral estoppel, petitioner is estopped from denying that he fraudulently failed to file a return for tax year 2014.

A conviction under section 7201 requires the existence of some deficiency. *See Sansone v. United States*, 380 U.S. 343, 351 (1965). But section 7201 does not require the factfinder to determine the exact amount of tax owed. For that reason the Court generally will not grant summary judgment as to the precise amount of a tax deficiency on the basis of a conviction under section 7201. *See Senyszyn v. Commissioner*, T.C. Memo. 2013-274, at *9; *Uscinski v. Commissioner*, T.C. Memo. 2006-200, 2006 WL 2686849, at *4. And, in fact, the amounts of the

[*8] deficiencies determined in the Notice of Deficiency are different from the amounts stated as tax owed in the Plea Agreement. For that reason, the MPSJ will be granted only with respect to the applicability of section 6651(f) for the 2014 tax year and not the amount of the deficiency with respect to which it is applied.

IV.      *Contents of Plea Agreement and Undenied Allegations*

Although petitioner's conviction for 2014 does not, in and of itself, establish the fraudulent intent required under section 6651(f) for 2013, it is evidence of fraud that coupled with other badges of fraud, discussed below, warrants a conclusion of fraudulent intent. *See Owens v. Commissioner*, T.C. Memo. 2001-314, 2001 WL 1636332, at *3; *Wilkinson v. Commissioner*, T.C. Memo. 1997-410, 1997 WL 570863, at *5–6. The badges of fraud that the Court looks to include (1) understating income; (2) maintaining inadequate records; (3) failing to file tax returns; (4) providing implausible or inconsistent explanations of behavior; (5) concealing income or assets; (6) failing to cooperate with tax authorities; (7) failing to make estimated tax payments; (8) dealing in cash; and (9) engaging in illegal activities. *See Niedringhaus*, 99 T.C. at 211; *see also McGraw v. Commissioner*, 384 F.3d 965, 971 (8th Cir. 2004).

Petitioner's actions demonstrate a number of these badges of fraud. With respect to the first one, beginning in 2011, and through and including the 2013 and 2014 tax years, petitioner failed to report income. *See Bradford v. Commissioner*, T.C. Memo. 1984-601, *aff'd*, 796 F.2d 303 (9th Cir. 1986). As to the third one, petitioner failed to file federal income tax returns for the years at issue, including the 2013 and 2014 tax years. *See Castillo v. Commissioner*, 84 T.C. 405, 409 (1985). Per the fifth one, petitioner attempted to conceal income, as evidenced by his affirmative actions—including the "reclassification" of wage payments. *See Bradford*, T.C. Memo. 1984-601. The IRS's determination of additions to tax under section 6654 is consistent with petitioner's failure to make estimated tax payments, the seventh badge of fraud. And petitioner's receipt of payments in cash is consistent with the eighth badge. The facts related to these badges of fraud were outlined in the Plea Agreement as true and undisputed.

Those facts were also recapitulated in respondent's Answer. And petitioner did not deny respondent's allegations in the Answer that petitioner knew that the amounts he received with respect to SPC were taxable income required to be reported on tax returns and that he did

**[\*9]** not file such returns "in an attempt to evade tax." Rule 37(c) provides that if a reply to an answer is filed, every affirmative allegation set out in the answer and not expressly admitted or denied in the reply is deemed to be admitted. As noted, petitioner's Reply gave only cursory, summary denials of the accuracy of the Notice of Deficiency and did not address the specific allegations in respondent's Answer that are relevant to fraudulent intent. However, the Court denied respondent's Rule 37(c) Motion on the basis of petitioner's Reply, and respondent has not requested that this Court revisit that denial. Accordingly, the allegations in the Answer are not deemed admitted.

Nevertheless, petitioner has affirmatively confirmed that the statements in the Plea Agreement with respect to 2013 are true and undisputed. Furthermore, petitioner has conceded in his response that he is liable for a civil fraud penalty for tax year 2013. Accordingly, there is no dispute of material fact that there was an underpayment of tax for tax year 2013 and that petitioner had fraudulent intent with respect to at least some part of the underpayment.

V.     *Significance of Restitution Payments*

Petitioner argues in both his Petition and his Reply that the Notice of Deficiency was erroneous because it did not take into account restitution payments that he made pursuant to the Plea Agreement. A federal court, when sentencing a defendant convicted of (or having pleaded guilty to) a criminal offense, may order as a criminal penalty that the defendant make restitution to any victim harmed by the defendant's criminal conduct; in criminal tax cases, the IRS is considered the victim. 18 U.S.C. § 3663; *see Cantrell v. Commissioner*, T.C. Memo. 2017-170, at \*17. Generally, the sentencing court bases the amount of criminal restitution on the taxpayer's estimated civil tax liability, but this does not constitute a determination of the taxpayer's civil tax liability; the IRS or the Court may find upon further review that a taxpayer's civil liability is more or less than the amount he has agreed to pay in restitution. *See Rozin v. Commissioner*, T.C. Memo. 2017-52, at \*5–6; *Schwartz v. Commissioner*, T.C. Memo. 2016-144, at \*11, *aff'd*, No. 16-2502, 2017 WL 5125662 (6th Cir. Sept. 5, 2017). Rather, while the IRS will credit restitution payments that the taxpayer makes against his civil tax liability, as respondent acknowledged in the Answer, the IRS must separately determine and assess the civil tax liability before it can do so. *See United States v. Tucker*, 217 F.3d 960, 962 (8th Cir. 2000) ("Of course, any amounts paid to the IRS as

**[\*10]** restitution must be deducted from any civil judgment IRS obtains to collect the same tax deficiency.").

It is well settled that plea agreements are contractual, and courts will resort to traditional principles of contract law when interpreting and enforcing the promises in a plea agreement. *United States v. Sanchez*, 508 F.3d 456, 460 (8th Cir. 2007). To that end, courts apply a two-step process in interpreting the terms of a plea agreement: courts first examine the nature of the government's promise and then, second, investigate this promise based upon the defendant's reasonable understanding at the time the guilty plea was entered. *See, e.g., United States v. Rockwell Int'l Corp.*, 124 F.3d 1194, 1199 (10th Cir. 1997). The Plea Agreement does not bar the IRS from determining, assessing, and collecting federal income tax deficiencies and amounts under section 6651(f) against petitioner for the years at issue. To the contrary, it explicitly confirms that it does not limit the ability to pursue any applicable civil remedy, including taxation. And the IRS's actions here are to determine petitioner's civil tax liabilities for the years at issue, which will ensure that petitioner's restitution payments are properly applied against those liabilities. Accordingly, they are not precluded by the Plea Agreement and petitioner's payment of restitution.

*Conclusion*

For the foregoing reasons, this Court concludes that petitioner is estopped from contesting the applicability of section 6651(f) for the 2014 tax year. And on the basis of the Plea Agreement and petitioner's concession in his Response, this Court concludes that there is no material dispute of fact as to whether petitioner had the fraudulent intent necessary for the applicability of section 6651(f) for the 2013 tax year. Accordingly, this Court concludes that petitioner is liable for additions to tax under section 6651(f) for tax years 2013 and 2014, the amounts of which are to be determined, and the MPSJ will be granted.

To reflect the foregoing,

*An appropriate order will be issued.*